987 P.2d 611 (1999)
1999 UT App 251
Office of the Guardian Ad Litem, in the interest of S.C. and T.C., persons under eighteen years of age, Petitioner,
v.
Honorable Joseph W. ANDERSON, Third District Juvenile Court, Respondent.
No. 990504-CA.
Court of Appeals of Utah.
September 2, 1999.
*612 Jan Graham, Attorney General and John M. Peterson, Attorney General's Office, Salt Lake City, for the State of Utah.
Brent M. Johnson, Administrative Office of the Courts, Salt Lake City, for Respondent Martha Pierce and Christine S. Decker, Salt Lake City, Guardians Ad Litem.
John E. Laherty, Laherty & Associates PC, Salt Lake City, for E.C., father of S.C. and T.C.
Before WILKINS, P. J., and DAVIS, and ORME,JJ.

OPINION
WILKINS, Presiding Judge:
¶ 1 This opinion supplements our order of June 11, 1999 in which we granted Petitioner's request for extraordinary writ compelling Respondent to hold a final adjudication hearing pursuant to Utah Code Ann. § 78-3a-308 (Supp.1999), on or before June 21, 1999.[1]

BACKGROUND
¶ 2 On April 19, 1999, the Division of Child and Family Services (DCFS) took S.C., a nine-year-old girl, into protective custody after she reported to school officials that she was being abused by her father's live-in girlfriend. On April 21, 1999, a shelter hearing was held at which the court determined that S.C. should be placed in the temporary custody of DCFS. The State subsequently filed a verified petition alleging that S.C. was an abused child and that her eleven-month-old sibling, T.C., was at risk of being abused; and requesting that S.C. be placed in the custody and guardianship of DCFS and that DCFS should assume protective supervision over T.C.
¶ 3 At the pretrial hearing on May 7, 1999, S.C. and T.C.'s father denied the allegations in the verified petition and requested a trial date. Because the trial judge was unable to schedule a trial within the sixty-day time limit imposed under section 78-3a-308(2) of *613 the Utah Code, the father expressly waived the sixty-day time limit. See Utah Code Ann. § 78-3a-308(2) (Supp.1999). The Guardian Ad Litem, acting on behalf of the children, objected to the waiver of the time limit, arguing: (1) further delay of the trial was not in the best interest of the children; (2) section 78-3a-308(2) requires that a trial be held within sixty days from the date of the shelter hearing; and (3) under Utah Rule of Juvenile Procedure 54, the court could only continue the matter beyond the sixty-day time limit if it found a continuance would not adversely affect the children's interest.
¶ 4 The trial judge asked the Guardian Ad Litem to contact the lawyers representing parties in other cases already scheduled for trial, in an attempt to accommodate this trial by having other cases delayed. However, the Guardian Ad Litem declined to contact other counsel, stating she was unwilling to put the interests of children in this case ahead of the interests of other children in equally important matters subject to the same time constraints.
¶ 5 The judge concluded that counsel's failure to find time to accommodate this trial constituted a waiver of the right to a hearing within the sixty-day time period. Consequently, the trial court denied the Guardian Ad Litem's objection to the time extension and set the trial date on the verified petition for September 22, 1999  more than ninety days beyond the sixty-day limit imposed by the statute.
¶ 6 The Guardian Ad Litem filed a petition for extraordinary writ and sought an emergency hearing before us asking for an order compelling the trial judge to begin the trial within the sixty-day statutory period. We agreed and issued the requested extraordinary writ on June 11, 1999. We now address the contentions raised by the Guardian Ad Litem for the purpose of more fully explaining our prior action, and hopefully assisting juvenile courts that are often faced with this and similar conflicting demands and imposed deadlines on their limited available hearing time.

ISSUES AND STANDARDS OF REVIEW
¶ 7 The issues presented for review in this appeal are: (1) whether the sixty-day time limitation imposed by section 78-3a-308(2) of the Utah Code is mandatory; and (2) whether this time limitation may be waived or extended, and if so, whether it was waived in this case.
¶ 8 Whether a juvenile court may postpone a trial on an abuse, neglect, or dependency petition beyond the sixty-day time period is a legal question "dependent on an interpretation of section 78-3a-3[08(2)] of the Utah Code. `We review questions of statutory interpretation for correctness giving no deference to the trial court's interpretation.'" A.E. v. Christean, 938 P.2d 811, 814 (Utah Ct.App.1997) (quoting State in re R.N.J., 908 P.2d 345, 349 (Utah Ct.App.1995)).

ANALYSIS

I. Section 78-3a-308(2)
¶ 9 Section 78-3a-308(2) provides that in an abuse, neglect, or dependency case, "the final adjudication hearing shall be held no later than 60 calendar days from the date of the shelter hearing." Utah Code Ann. § 78-3a-308(2) (Supp.1999) (emphasis added). In interpreting the language of this section, we follow the well-established rule that statutory language is generally construed according to its plain language. See A.E., 938 P.2d at 815.
¶ 10 In interpreting the meaning of the word "shall" within the context of Utah statutes governing abuse, neglect, and dependency proceedings, this court has stated that the "enactment of and amendments to Utah's Child Welfare Act are intended to protect children and assure that they are not placed in a `legal limbo' for an unwarranted time period." Id. at 814 (quoting State in re J.L.W., 900 P.2d 543, 549 (Utah Ct.App. 1995)). This court has also noted that "judicial efficiency cannot justify actions taken `at the expense of a child's welfare.'" Id. (quoting State in re J.L.W., 900 P.2d 543, 549 (Utah Ct.App.1995)). Accordingly, this court concluded that the meaning of the word "shall" within the statute governing dispositional hearings is mandatory. See id. at 816 *614 (holding dispositional review hearing must be held within twelve months "`to prevent a child from languishing indefinitely in foster care'") (citations omitted)). Because the same concerns exist for placing children in appropriate settings after they have been removed from their homes  whether in foster care or with family members  we hold that the word "shall" in section 78-3a-308(2) requires a juvenile court to hold the adjudication hearing on an abuse, dependency, or neglect petition within sixty days of the shelter hearing.
¶ 11 It is the duty of a trial judge to ensure that hearings are held as required by law. This burden may not be shifted to the parties or their attorneys. While we note that it is useful and often necessary for trial courts to look to the parties and their attorneys in seeking solutions to scheduling problems, the ultimate responsibility for timely adjudication is on the juvenile court. "An overcrowded calendar cannot relieve ... [trial courts] of their statutory responsibility." In re S.G., 277 Ill.App.3d 803, 214 Ill.Dec. 583, 661 N.E.2d 437, 442 (1996), aff'd, 175 Ill.2d 471, 222 Ill.Dec. 386, 677 N.E.2d 920 (1997).
¶ 12 When scheduling conflicts such as the one in this case arise, a trial judge, and court personnel under the judge's direction, must schedule matters coming before that court based initially on the priority of cases imposed by law. Accordingly, constitutionally mandated time restraints must be met first, statutorily imposed time limits come next, and all other matters thereafter.
¶ 13 Although not constitutionally mandated, our Legislature has stressed the importance of addressing in a timely manner the needs of children who have been removed from their homes. The purpose of the Child Welfare Reform Act is to either return children to their homes or place them in another appropriate setting as soon as reasonably possible after removal. See In re J.M., 940 P.2d 527, 534 n. 8 (Utah Ct.App.1997) (stating "policy underlying the ... Child Welfare Reform Act ... is one of swift permanency"). The only way to accomplish this goal is for courts to adhere to the time restrictions imposed by law.
[D]elay in the adjudication of abuse, neglect, or dependency cases can cause grave harm to the child and the family and ... frustrates the effort to establish permanent homes for children in need. The purpose of [the Child Welfare Reform Act] is to insure that [judges] ... will act in a just and speedy manner to determine families in need, reunify families where appropriate and, if reunification is inappropriate, find other permanent homes for children.
In re S.G., 214 Ill.Dec. 583, 661 N.E.2d at 441.
¶ 14 Our conclusion is supported not only by the weight of authority but also by sound public policy. Delaying a final adjudication hearing under section 78-3a-308 necessarily interferes with the entire statutory framework of the Child Welfare Reform Act. Decisions regarding service plans, reviews, and permanency hearings are contingent on decisions made at the adjudication hearing. Thus, a delayed adjudication results in delayed services and a shortened period available for efforts directed to the reunification of the child and parent. However, delaying adjudication does not delay the permanency hearing. The permanency hearing must occur within twelve months of removal, regardless of the timing of the adjudication. See Utah Code Ann. § 78-3a-312(1)(a) (Supp. 1999). In other words, a permanency determination must be made within twelve months of removal, irrespective of whether the parent has had the full twelve months to devote to rehabilitation. Accordingly, when a juvenile court extends the time for a final adjudication hearing, formal reunification and other necessary services are delayed, disadvantaging the children as well as the parents, and increasing the chances that the children will be unable to return to their homes.
¶ 15 Because the Legislature has clearly mandated that child welfare matters have priority in the courts, juvenile courts must do whatever is necessary to accommodate these cases within the statutorily mandated time periods. Whether this means rescheduling cases with lower priority or looking to judicial management for assistance, the Legislature *615 has determined that the best interests of children and families in abuse, neglect, and dependency cases are served when judges follow strict time limits. In light of the foregoing, we conclude the sixty-day time limitation imposed by section 78-3a-308(2) is mandatory and that the trial court must hold the adjudication hearing on the state's abuse and neglect petition within sixty days of the shelter hearing.

II. Waiver
¶ 16 Although the Legislature has mandated that adjudication hearings on abuse, neglect, and dependency petitions be held within sixty days of the shelter hearing, Utah Rule of Juvenile Procedure 54 provides that this time limitation may be waived if the parties and the Guardian Ad Litem stipulate to a continuance, and the moving party demonstrates to the trial court that "the continuance will not adversely affect the interest of the child." Utah R. Juv. P. 54(c). Thus, the mandatory sixty-day time limit imposed by section 78-3a-308(2) may be waived only when two requirements are met: (1) the parties and Guardian Ad Litem stipulate to a continuance, and (2) the juvenile court finds the continuance will not adversely affect the child's interests. See id.
¶ 17 In this case, the Guardian Ad Litem stated it would not be in the best interests of the children to hold the trial after the required time limit and refused to waive the time limitation on the children's behalf. Although the father expressly waived his right to the sixty-day time limit, Rule 54(a) requires the consent of both "the parties and the guardian ad litem" before a continuance may be granted. Utah R. Juv. P. 54(a). Furthermore, the juvenile court made no findings concerning whether holding the trial after the sixty-day time period would adversely affect the child's interests. Cf. In Interest of S.B., 742 P.2d 935, 937 (Colo.Ct. App.1987) (affirming trial court's extension of ninety-day time limit in neglect case because "it was in [the child's] best interest to do so" and stating: "If the court determines that a delay is necessary, it shall set forth the specific reason why such delay is necessary and shall schedule the adjudicatory hearing at the earliest possible time following the delay"). Therefore, we conclude that under Rule 54 there was not a valid waiver of the sixty-day time limit.
¶ 18 Alternatively, the trial court suggests the sixty-day time limit was waived because counsel failed to comply with the court's request to assist in scheduling the trial within the statutory time period. We disagree. As previously stated, trial courts may look to parties for assistance in dealing with scheduling conflicts. However, the ultimate responsibility to ensure compliance with section 78-3a-308(2) is on trial courts alone  a responsibility that may not be shifted to the parties or their counsel.
¶ 19 The trial court also suggests the sixty-day time limit was waived because the Guardian Ad Litem delayed filing her request for extraordinary relief with this court  making compliance with the sixty-day time requirement "nearly impossible." Again, we disagree. While our order requiring the trial court to hold the adjudication hearing no later than June 21, 1999, was issued on June 11, 1999, the shelter hearing in this case was held on April 21, 1999. At that time, the trial court was aware that a final adjudication was required to take place within sixty days. Moreover, the trial court's written order was not signed until June 2, 1999, and the Guardian Ad Litem filed her petition with this court only five days thereafter. While the trial court's order implementing its decision may have been delayed, there was no meaningful delay in the action of the Guardian Ad Litem requesting our intervention. Therefore, we conclude there was no effective waiver of the sixty-day time requirement under section 78-3a-308(2) and reject the alternative waiver arguments.

CONCLUSION
¶ 20 We conclude that juvenile courts are charged with the responsibility to comply with the sixty-day time requirement under section 78-3a-308(2) and this burden may not be shifted to the parties or their counsel. Also, we hold the statutory time limit of section 78-3a-308(2) may be waived only by strict compliance with the requirements of *616 Rule 54. Finally, we conclude the father's express waiver was insufficient under Rule 54, and that the Guardian Ad Litem's five day delay in seeking extraordinary relief and her failure to comply with the trial court's scheduling request do not constitute a waiver of the sixty-day time limitation in this case.
¶ 21 For these reasons, we previously granted the Guardian Ad Litem's petition for extraordinary writ, and ordered the adjudication hearing in this matter to be held within the sixty days mandated by section 78-3a-308(2).
¶ 22 WE CONCUR: JAMES Z. DAVIS, Judge, GREGORY K. ORME, Judge.
NOTES
[1] The Order Granting Petition for Extraordinary Writ was issued on June 11, 1999. The order was unpublished, and specifically contemplated this published opinion "containing the court's reasoning in support of [the] order." Upon invitation from this court, all parties submitted supplemental briefs. The court has chosen this somewhat unorthodox method because of the urgency of the petition, the necessity of immediate action by the trial court in response to our decision, and the importance of a full explanation of our reasons given the significance and pervasiveness of the issues presented in the work of the juvenile courts.