2004 UT App 314

**Tiffany Jacobs DIENER, Petitioner and Appellee,**

v.

**Erich Ross DIENER, Respondent and Appellant.**

No. 20030330–CA.

Court of Appeals of Utah.

Sept. 10, 2004.

Rehearing Denied Oct. 26, 2004.

Brian M. Barnard and James L. Harris Jr., Salt Lake City, for Appellant.

John W. Call, Nygaard Coke & Vincent, Salt Lake City, for Appellee.

Before Judges DAVIS, GREENWOOD, and THORNE.

## OPINION

THORNE, Judge:

¶1 Erich Ross Diener appeals from the trial court's denial of his motion to modify his child support obligation. We affirm in part and remand for additional findings.

## BACKGROUND

¶2 On April 17, 1998, Erich Ross Diener (Father) and Tiffany Jacobs Diener (Mother) were divorced through a stipulated decree. Mother was granted physical custody of the sole child born to the couple. Although Father's income was approximately $1,700.00 per month, and Mother's was approximately $1,200.00 per month, Father agreed to pay child support in the amount of $400.00 per month, an amount that exceeded the amount required under the Utah Child Support Guidelines (the Guidelines). *See* Utah Code Ann. § 78–45–7.14 (2002).[1]

¶3 In December 2001, Father filed a petition with the trial court seeking to modify the amount of his child support obligation pursuant to Utah Code sections 78–45–7.2(6) and (7).[2] Father argued first that modification was justified because he had experienced substantial material changes in his circumstances following the divorce. He also argued that the amount he had agreed to pay was outside of the acceptable deviation range permitted by statute and that therefore the trial court was duty-bound to modify the child support order. On March 25, 2003, after a hearing on Father's petition, the trial court issued its findings of fact and conclusions of law denying Father's attempt to modify his child support obligation. Father now appeals.

1. Because no significant changes have taken place in the intervening years, we refer to the most recent version of the statute unless we expressly state otherwise.

2. Father's petition also sought to modify several other aspects of the divorce decree. However, the only portion of the trial court's order properly before this court involves the trial court's refusal to modify Father's child support obligation.

## ISSUES AND STANDARD OF REVIEW

¶ 4 Father argues that the trial court erred in denying the petition to modify his child support obligation.

> "In reviewing child . . . support proceedings, we accord substantial deference to the trial court's findings and give it considerable latitude in fashioning the appropriate relief." We will not disturb the district court's actions unless the court exceeded the limits of its permitted discretion. However, we review the district court's decision for correctness to the extent it involves questions of statutory interpretation.

*Ball v. Peterson*, 912 P.2d 1006, 1009 (Utah Ct.App.1996) (alteration in original) (quoting *Woodward v. Woodward*, 709 P.2d 393, 394 (Utah 1985)); *see also Boyce v. Goble*, 2000 UT App 237,¶ 9, 8 P.3d 1042 (" ' " 'The determination of the trial court that there [has or has not] been a substantial change of circumstances . . . is presumed valid,' " and we review the ruling under an abuse of discretion standard.' " (alterations in original) (citations omitted)).

## ANALYSIS

### I. The Trial Court's Reliance on the Previous Agreement Between the Parties

¶ 5 Although the trial court held that Father's acceptance of the earlier stipulation provided an appropriate basis for denying his petition, and that granting Father's petition "would provide [him] with benefits of the bargain without requiring its corresponding obligations," the trial court's reasoning was incorrect. While the trial court is certainly empowered to consider the circumstances surrounding an existing stipulation when considering a petition to modify a child support obligation,

> "the law was intended to give the courts power to disregard the stipulations or agreement of the parties in the first instance and enter judgment for such alimony or child support as appears reasonable, and to thereafter modify such judgments when change of circumstances justifies it, regardless of attempts of the parties to control the matter by contract."

*Naylor v. Naylor*, 700 P.2d 707, 709–10 (Utah 1985) (emphasis omitted) (quoting *Callister v. Callister*, 1 Utah 2d 34, 261 P.2d 944, 948–49 (1953)). The supreme court reaffirmed this view in *Despain v. Despain*, where it stated that child support "is always open to the Court's power of modification (even though set by stipulation), upon a proper showing of a change of circumstances." 627 P.2d 526, 528 (Utah 1981). Consequently. when presented with a petition to modify a child support order, the trial court may not simply rely upon a prior stipulation entered into by the parties and accepted by the court. Rather, the court must apply Utah Code section 78–45–7.2, which allows modifications if a party is able to demonstrate that a substantial material change in circumstances has occurred between the entry of the divorce decree containing the support order and the filing of the modification petition. Accordingly, we must conclude that the parties' prior stipulation concerning Father's child support obligation, standing alone, provides an insufficient basis to deny Father's petition.

### II. Substantial Change in Circumstances

¶ 6 Father argues that the trial court erred in finding that his financial circumstances had not changed substantially enough to justify modifying the child support order. We disagree.

¶ 7 Once a court has determined the proper amount of child support, and orders a party to pay that amount, either party may petition the court for an order modifying the amount. *See* Utah Code Ann. § 78–45–7.2(7)(a) (2002). However, " '[t]o succeed on a petition to modify . . ., the moving party must first show that a substantial material change of circumstance has occurred " 'since the entry of the decree and [second, that the change was] not contemplated in the decree itself.' " ' " *Boyce v. Goble*, 2000 UT App 237,¶ 14, 8 P.3d 1042 (citations omitted). Moreover, Utah law makes clear that the "party seeking modification . . . has the burden of showing a substantial change in circumstances. It is insufficient to show that there has been some change, without a showing that such change was substantial." *Hagan v. Hagan*, 810 P.2d 478, 483 (Utah Ct. App.1991) (citation omitted). Several factors

have been identified as bearing on the issue of modifying a child support order, including:

"(i) material changes in custody;

(ii) material changes to the relative wealth or assets of the parties;

(iii) material changes of 30% or more in the income of a parent;

(iv) material changes in the ability of a parent to earn;

(v) material changes in the medical needs of the child; and

(vi) material changes in the legal responsibilities of either parent for the support of others."

*Boyce,* 2000 UT App 237 at ¶ 13 .n. 5, 8 P.3d 1042 (quoting Utah Code Ann. § 78–45–7.2(7)(b) (Supp.1999)); *see also* Utah Code Ann. § 78–45–7.2 (2002). Finally, when explaining the outcome of a modification petition, the court " ' "must make findings on all material issues, and its failure to delineate what circumstances have changed and why these changes support the modification made [to] the prior divorce decree constitutes reversible error unless the facts in the record are clear, uncontroverted and only support the judgment." ' " *Williamson v. Williamson,* 1999 UT App 219,¶ 9, 983 P.2d 1103 (quoting *Muir v. Muir,* 841 P.2d 736, 739 (Utah Ct.App.1992) (other citations omitted)). The findings articulated by the trial court "should be more than cursory statements; they must ' "be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached." ' " *Id.* (citations omitted).

¶ 8 Father argues that the trial court erred in finding that he had not suffered a substantial material change in circumstances because "[h]is ability to earn has been substantially altered, and his earnings have been significantly decreased." Because Father's argument rests solely on his income claim, his argument turns on whether he has shown a

threshold change in income of greater than 30%. *See* Utah Code Ann. § 78–45–7.2(7)(b)(iii) (2002). The trial court found that when the divorce decree was entered Father was making $1,700 per month. The court then examined Father's subsequent employment history—which included a period that Father was making over $50,000 per year—and found that during the pendency of Father's petition to modify he was earning $1,277 per month from his part-time job and his monthly National Guard wage.[3] Substantial evidence was introduced at trial supporting these findings and we do not disturb them on appeal. Examining these figures, simple arithmetic shows that Father's present income level is 75.1% of his income when the decree was entered. Although a 25% drop in income is certainly a change, it does not satisfy the threshold requirement of section 78–45–7.2(7)(b)(iii). Thus, as a matter of law, the changes presented in Father's petition do not qualify as a material substantial change, and they are insufficient to trigger further consideration of Father's modification petition pursuant to section 78–45–7.2(6). In the absence of any other substantive argument, we conclude that the trial court acted within its discretion in denying Father's change of circumstances claim.

III. Section 78–45–7.2(6)

■ ¶ 9 Father also argues that the trial court erred in denying his petition for relief pursuant to Utah Code section 78–45–7.2(6) (2002), because under the facts established by the trial court, the court was required to modify the existing support order. To determine the validity of Father's argument, we must first examine the requirements of section 78–45–7.2(6).

■■ ¶ 10 Section 78–45–7.2(6) states:

(a) If a child support order has not been issued or modified within the previous three years, a parent . . . may petition the

---

3. The trial court made no attempt to determine whether Father was voluntarily underemployed and did not impute any income to Father. Father argues that the court's decision to forego this analysis was proper due to Father's "need" to pursue a Bachelor's degree. However, Father's reliance on his pursuit of higher education is misplaced. The pursuit of a Bachelor's degree neither excuses Father from his duty to support his child, nor does it preclude the trial court from imputing income. *See Mancil v. Smith,* 2000 UT App 378,¶¶ 12–16, 18 P.3d 509 ("A child's right to ongoing support should not be held hostage to a parent's desire to get a higher education, even if the parent's degree will eventually allow the parent to pay support at a higher level.").

court to adjust the amount of a child support order.

(b) Upon receiving a petition under Subsection (6)(a), the court shall, taking into account the best interests of the child, determine whether there is a difference between the amount ordered and the amount that would be required under the guidelines. If there is a difference of 10% or more and the difference is not of a temporary nature, the court *shall* adjust the amount to that which is provided for in the guidelines.

(c) A showing of a substantial change in circumstances is not necessary for an adjustment under Subsection (6)(b).

(Emphasis added.) "When interpreting a statute, we look first to the plain language." *Brinkerhoff v. Brinkerhoff*, 945 P.2d 113, 116 (Utah Ct.App.1997).

> Our primary goal when construing statutes is to evince "the true intent and purpose of the Legislature [as expressed through] the plain language of the Act." In doing so, we seek "to render all parts thereof relevant and meaningful," and we accordingly avoid interpretations that will render portions of a statute superfluous or inoperative.

*Johansen v. Johansen*, 2002 UT App 75,¶ 7, 45 P.3d 520 (quoting *Hall v. Department of Corr.*, 2001 UT 34,¶ 15, 24 P.3d 958).

¶ 11 The statute at issue here establishes several factors that the trial court must examine when presented with a petition to modify based upon section 78–45–7.2(6). First, the court must determine the petitioner's present adjusted gross income, as well as the respondent's present adjusted gross income, and then combine those amounts creating a combined adjusted gross income amount. Second, the court must apply the Guidelines to the combined adjusted gross income figures, *see* Utah Code Ann. § 78–45–7.14 (2002), to determine the amount that has been established as the presumptive support amount for the identified adjusted gross income level of the parties. Third, the court must determine proportionality, or what portion of the presumptive child support amount is attributable to the petitioner pursuant to Utah Code section 78–45–7.7. Finally, the court must determine whether the petitioner's current obligation, as set by a preexisting court order, is within ten percent (10%)

of the presumptive figure arrived at through the modification petition. If there is a variance greater than 10%, the statute directs that "the court *shall* adjust the amount to that which is provided for in the guidelines." Utah Code Ann. § 78–45–7.2(6)(b).

¶ 12 Ordinarily, the use of the word "shall" in a statute creates a mandatory condition, eliminating any discretion on the part of the courts. *See, e.g., Office of the Guardian Ad Litem v. Anderson*, 1999 UT App 251,¶ 10, 987 P.2d 611; *Keith v. Rizzuto*, 212 F.3d 1190, 1193 n. 3 (10th Cir.2000) (" 'It is a basic canon of statutory construction that the use of the word "shall" indicates a mandatory intent.' " (quoting *United States v. Myers*, 106 F.3d 936, 941 (10th Cir.1997))). However, the language of section 78–45–7.2(6) suggests that such a presumption is not applicable. In directing trial courts to examine the merits of a petition to modify, the legislature mandated that courts "take into account the best interest of the child." Utah Code Ann. § 78–45–7.2(6)(b). In qualifying the duties of the trial court, the legislature limited the otherwise mandatory nature of the word "shall" and vested trial courts with a measure of discretion in determining the appropriateness of a petition to modify. *Cf. Lane v. State*, 247 Ga. 387, 276 S.E.2d 644, 645 (1981) (concluding that qualifying language in the Georgia bail statute altered the statutory requirement for bail from a mandatory to discretionary). Were we to ignore the qualifying language and determine that the legislature's use of the word "shall" created an unqualified mandatory duty, we would be rendering a portion of the statute "superfluous or inoperative." *Johansen*, 2002 UT App 75 at ¶ 7, 45 P.3d 520.

¶ 13 Moreover, not only are statutes to be interpreted as a whole, "[w]e have long recognized that context is an important consideration in statutory interpretation. Because context is important, the 'terms of a statute are to be interpreted as a comprehensive whole and not in a piecemeal fashion.' " *Board of Educ. v. Sandy City*, 2004 UT 37,¶ 14, 94 P.3d 234 (citations omitted). The statute at issue in this case is comprised of several sections, including subsection six, the subsection upon which Father relies. However, contrary to Father's argument on appeal, not only does subsection six contain

internal language that modifies the impact of "shall," it is further modified by other subsections of section 78–45–7.2. *See* Utah Code Ann. § 78–45–7.2(2) ("The child support guidelines shall be applied as a rebuttable presumption in establishing *or modifying* the amount of temporary or permanent child support" and this amount is "presumed to be correct, unless rebutted under the provisions of this section." (emphasis added)); § 78–45–7.2(3) ("A written finding or specific finding on the record supporting the conclusion that complying with a provision of the guidelines or ordering an award amount resulting from use of the guidelines would be unjust, inappropriate, or not in the best interest of a child in a particular case is sufficient to rebut the presumption in that case."). Thus, reading the statute as a whole, subsection six maintains the statutory rebuttable presumption that the Guideline-determined child support amount is correct. However, if the court finds, on the record, that ordering a parent to pay the Guideline-determined amount would be "unjust, inappropriate, or not in the best interest of a child in a particular case," the legislature, through the entirety of section 78–45–7.2, has granted courts the discretion to deviate from the Guidelines. *Id.* § 78–45–7.2(3). Consequently, when faced with a petition to modify, a court is presumptively required to modify a child support order if the court finds that an existing child support amount falls outside of the tolerable range established under section 78–45–7.2(6). But, pursuant to the statute, before the court may grant the requested modification, the court must "tak[e] into account the best interests of the child" to ensure that the proposed modification is consistent with the best interests of the child for whom the child support payment is intended.

¶ 14 Here, the trial court found that modification would not be in the best interests of Father's child. However, as with all matters of significance in this area of the law, the trial court findings "should be more than cursory statements; they must ' "be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion ... was reached." ' " *Williamson v. Williamson*, 1999 UT App 219, ¶ 9, 983 P.2d 1103 (quoting *Muir v. Muir*, 841 P.2d 736, 739 (Utah Ct.App.1992) (other citation omitted)). Although the court concluded that Father's proposed modification would not be in the child's best interests, it did not set forth any " ' "subsidiary facts" ' " to support its conclusion. In addition, the court's findings also failed to calculate and apply the Guidelines to the parties' adjusted gross incomes. Consequently, the court's findings fail to examine whether Father's existing child support obligation falls outside of the 10% tolerance range allowed under section 78–45–7.2(6). Accordingly, because we conclude that the trial court's findings fail to address certain elements necessary to a modification determination, we remand this issue for the trial court to enter adequate findings, supported by appropriate evidence.

## CONCLUSION

¶ 15 First, the trial court acted well within its range of discretion in concluding that Father failed to show a material substantial change in circumstances that would justify a modification of his current child support obligation pursuant to Utah Code section 78–45–7.2(7). Second, although the trial court has a degree of discretion in denying a petition to modify when the amount ordered deviates more than 10% from the amount required under the Guidelines, *see* Utah Code Ann. §§ 78–45–7.14; 78–45–7.2(6) (2002), such refusal must be accompanied by sufficient findings regarding the best interests of the child. Because such findings were not entered in this case, we remand this issue to the trial court for the articulation and entry of additional findings supporting its order. If, however, the trial court is unable to support its decision with such findings, we direct the trial court to examine Father's petition pursuant to the statutory requirements. If Father's current child support obligation falls outside of the permitted range, the court must then adjust Father's child support obligation pursuant to section 78–45–7.2(6).

¶ 16 WE CONCUR: JAMES Z. DAVIS, Judge and PAMELA T. GREENWOOD, Judge.