2006 UT App 348

**Debra MEENDERINK, Petitioner and Appellee,**

v.

**Steven MEENDERINK, Respondent and Appellant.**

**No. 20050466–CA.**

Court of Appeals of Utah.

Aug. 24, 2006.

Catherine F. Labatte, Law Office of Catherine F. Labatte, Centerville, for Appellant.

Catherine S. Conklin, Ogden, for Appellee.

Before Judges GREENWOOD, McHUGH, and ORME.

MEMORANDUM DECISION

GREENWOOD, Associate Presiding Judge:

¶ 1 Steven Meenderink (Father) appeals the trial court's dismissal of his petition to modify his child support obligation and judgment for child support arrearages. We affirm in part, reverse in part, and remand.

¶ 2 Father first challenges the trial court's determination that there was no substantial change of circumstances justifying modification of Father's child support obligation. Father claims the trial court did not adequately consider both parents' current and potential incomes as required by Utah Code section 78–45–7.7. See Utah Code Ann. § 78–45–7.7 (2002) (instructing on calculation of child support obligation). In determining whether to grant or deny a petition to modify a child support obligation, the trial court is afforded considerable discretion. See Diener v. Diener, 2004 UT App 314, ¶ 4, 98 P.3d 1178,

*cert. denied*, 106 P.3d 743 (Utah 2005). We grant substantial deference to the trial court's findings of fact in child support disputes. *See id.*

¶ 3 We conclude that the trial court's findings of fact were not clearly erroneous and support the conclusion that no substantial change in circumstances warranted modification of Father's child support obligation. *See* Utah Code Ann. § 78–45–7.2(7) (2002).[1] The trial court found that it was in the children's best interests to have Father continue the child support obligation set forth in the divorce decree. *See id.* § 78–45–7.2(7)(c). The trial court also found that Father was capable of working to augment his income from Social Security Disability Insurance (SSDI). Finally, the trial court found that Father had avoided his "responsibility as a financially contributing father" to provide for his children, forcing Debra Meenderink (Mother) to attempt to provide for the children beyond her means.[2]

¶ 4 The trial court determined that Father's receipt of SSDI benefits did not constitute a permanent material change in his ability to earn because he could still work in a similar capacity as he had prior to the divorce decree. Similarly, in *Mancil v. Smith*, 2000 UT App 378, 18 P.3d 509, this court held that under Utah Code section 78–45–7(1), the Social Security Administration's (SSA) determination that the father was disabled was not a material change in circumstances because he was still able to hold jobs similar to those he held prior to his disability. *See id.* at ¶ 23; Utah Code Ann. § 78–45–7(1)(a) (2002). In addition, in this matter, the trial court noted that as a consequence of his disability status, Father had been given both opportunities to obtain more education and a short-term waiver of his child support obligations. Furthermore, having determined that there was not a substantial

change in circumstances, the trial court was not required to calculate each parent's child support obligation under section 78–45–7.7. *See* Utah Code Ann. § 78–45–7.7.

¶ 5 Father next contends that the trial court's findings were inadequate to justify the amount of the child support arrearages judgment. We conclude that the trial court's findings sufficiently identified the basis used to calculate the judgment for arrearages. The trial court delineated Father's delinquent child support for particular periods of time. The court stated that Father would be responsible for delinquent child support prior to October 2001, and that any SSDI benefits paid directly to the children as dependents during this time would be credited toward the delinquent child support. With the exception of $20 per month and the SSDI benefits paid directly to the children, the trial court waived most of Father's child support obligations from October 2001 through August 1, 2004. Additionally, these findings are supported by the evidence presented to the trial court.

¶ 6 Finally, Father contends that the trial court erroneously refused to credit his future child support obligations with the SSDI benefits paid to the children. In reviewing a modification of child support, we accord "substantial deference to the trial court's findings" and "will not disturb the [trial] court's actions unless the court exceeded the limits of its permitted discretion." *Diener v. Diener*, 2004 UT App 314, ¶ 4, 98 P.3d 1178, *cert. denied*, 106 P.3d 743 (Utah 2005) (quotations and citations omitted). "However, we review the [trial] court's decision for correctness to the extent it involves questions of statutory interpretation." *Id.* (quotations and citations omitted).

¶ 7 Utah Code section 78–45–7.5(8)(b) states, in relevant part:

---

1. The subsections of Utah Code section 78–45–7.2 were renumbered in 2003. For purposes of this appeal, we refer to the earlier version of the statute.

2. We reject Father's argument that the trial court failed to consider his petition under Utah Code section 78–45–7.2(6). *See* Utah Code Ann. § 78–45–7.2(6) (2002). The trial court considered the

children's best interests as specified under section 78–45–7.2(6)(b). *See id.* The trial court also considered Father's SSDI benefits as temporary income under the same section. *See id.* Regardless, Father failed to plead consideration of section 78–45–7.2(6) in his petition but instead argued a substantial change of circumstance under section 78–45–7.2(7).

Social Security benefits received by a child due to the earnings of a parent *shall* be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of that parent.

Utah Code Ann. § 78–45–7.5(8)(b) (2002) (emphasis added). Father argues that because section 78–45–7.5(8)(b) is mandatory, the trial court had no discretion to refuse to credit the children's SSDI income against Father's support obligation. We agree. This court previously stated in *Diener v. Diener* that "[o]rdinarily, the use of the word 'shall' in a statute creates a mandatory condition, eliminating any discretion on the part of the courts." 2004 UT App 314 at ¶ 12, 98 P.3d 1178. In *Diener*, the statute in question[3] included both the word "shall" and instructions to consider the child's best interests. *See id.* This court held that after examining the statute as a whole and the word "shall" in context, the statute accorded the trial court "a measure of discretion." *Id.* at ¶¶ 12–13. However, in this case, Mother cites no similar qualifying language—nor do we see any.

¶ 8 Moreover, in *Brooks v. Brooks*, 881 P.2d 955 (Utah Ct.App.1994), we urged the trial court, before the statute was modified to include the word "shall," to consider SSDI benefits as a credit against child support because they "replace support the child loses upon the disability of the wage earner responsible for the child's support, and such benefits substitute for a parent's loss of earning power and obligation to support his dependents." *Id.* at 962 (quotations and citations omitted); *see also* Utah Code Ann. § 78–45–7.5(8)(b) (Supp.1994). As we explained in *Brooks*,

> [T]he source and the purpose of social security dependent benefits are identical to the source and purpose of child support-both come from a noncustodial parent's wages or assets and both provide for the needs of the dependent child and, for our purposes, no principled distinction exists

between social security benefits and child support payments.

881 P.2d at 962 (internal quotations and citations omitted). The trial court therefore erred in determining it had discretion to determine if Father should be credited for the children's SSDI payments. The statute mandates full crediting of the SSDI payments toward Father's child support obligation. *See* Utah Code Ann. § 78–45–7.5(8)(b) (2002).

¶ 9 Father also claims the trial court should not have awarded Mother her attorney fees. We hold that the trial court's findings of fact adequately justify the award. However, because our decision partly vindicates Father's appeal, we award no attorney fees incurred on appeal.

¶ 10 Accordingly, we affirm both the trial court's denial of Father's petition to modify his child support obligation and the trial court's award of attorney fees to Mother. We remand for the trial court to credit Father's future child support obligation with the amount the children receive from SSDI. We recognize that this may necessitate further examination of appropriate child support because the existing order enables Mother to utilize both the SSDI dependent benefits and child support from Father to care for the children.

¶ 11 WE CONCUR: Carolyn B. McHugh, Gregory K. Orme, Judges.

---

**3.** Utah Code section 78–45–7.2(6)(b) states that "[u]pon receiving a petition under [this subsection], the court shall, taking into account the best interests of the child, determine whether there is a difference between the amount ordered and the amount that would be required under the guidelines." Utah Code Ann. § 78–45–7.2(6)(b) (2002).