IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Rex Randall, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110364-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (September 7, 2012) |
| Progressive Classic Insurance Company, | ) | |
| Inc., | ) | 2012 UT App 250 |
| | ) | |
| Defendant and Appellee. | ) | |

-----

Second District, Ogden Department, 100903913
The Honorable Ernest W. Jones

Attorneys:     Mark H. Gould, Ogden, for Appellant
                    Joseph J. Joyce and Ryan J. Schriever, South Jordan, for Appellee

-----

Before Judges Davis, Thorne, and Christiansen.

THORNE, Judge:

¶1      Rex Randall appeals from the district court's entry of summary judgment in favor of Progressive Classic Insurance Company, Inc. (Progressive).  Randall had sought declaratory relief establishing that he was entitled to underinsured motorist (UIM) coverage through his Progressive automobile insurance policy, but the district court determined that no factual dispute existed and that Randall had rejected such coverage pursuant to statute.  We affirm.

¶2      On June 3, 2005, Randall obtained a Progressive automobile policy covering his 1989 Ford Escort.  He initiated the policy through a local insurance brokerage, Shroader-

Blackley.  On May 18, 2006, Randall was struck from behind by another vehicle and sustained extensive neck and back injuries.  Randall eventually settled with the other driver's insurance company for that driver's liability policy limit of $25,000, but the settlement did not cover all of Randall's medical expenses.  Randall notified Progressive that he intended to pursue a claim for UIM benefits under his Progressive policy.  In response, Progressive claimed that Randall had rejected UIM coverage at the time he obtained his policy.

¶3     Randall sought declaratory relief, asking the district court to determine that he was entitled to UIM coverage in the same amount as the automobile liability coverage that he had carried under his Progressive policy.  His complaint alleged that Progressive would be unable to produce a signed acknowledgment form showing that he had rejected UIM coverage.  Randall's legal theory was that he was statutorily entitled to the claimed UIM coverage unless Progressive could actually produce his signed acknowledgment form.  *See generally* Utah Code Ann. § 31A-22-305.3(3)(a) (Supp. 2012) (requiring the provision of UIM coverage "unless a named insured rejects or purchases coverage in a lesser amount by signing an acknowledgment form"); *id.* § 31A-22-305(9)(g)(i) (2005) ("A named insured may reject underinsured motorist coverage by an express writing to the insurer . . . .").[1]  Both parties sought summary judgment.

¶4     In its summary judgment memoranda, Progressive conceded that it could not produce the acknowledgment form signed by Randall but argued that he had in fact signed such a document.  Progressive admitted that Randall's actual acknowledgment had been destroyed by Schroader-Blackley three years after Randall purchased his policy, in accordance with Schroader-Blackley's document retention policy.  However, Progressive provided various insurance declaration sheets and other documents reflecting that Randall had never been charged for UIM coverage, as he would have been had he elected coverage.  An affidavit from the Schroader-Blackley agent who had

---

[1]The statute in effect when Randall purchased his policy in 2005 required an "express writing" for rejection of UIM coverage.  *See* Utah Code Ann. § 31A-22-305(9)(g)(i) (2005).  The current version of the statute is substantially similar for purposes of our analysis, and we cite to the current version, including its term "acknowledgment form," throughout this opinion.  *See generally id.* § 31A-22-305.3(3)(a) (Supp. 2012).

worked with Randall stated that "[t]he insurance policy forms were entered in electronically with the Randalls['] selections on coverage, then the insurance policy forms were printed out for the Randalls to sign." Progressive also provided an unsigned sample of the acknowledgment form that it alleged Randall had signed, authenticated by an affidavit from a Progressive employee stating that based on Randall's policy number, he would have been provided such an acknowledgment form. The Schroader-Blackley agent's affidavit also stated that she always explained and recommended UIM coverage because of her own personal experience with an underinsured motorist and that it was Schroader-Blackley's "policy and practice . . . to have each customer sign a form if the customer desires to reject UIM coverage."

¶5 The district court granted Progressive's motion for summary judgment, ruling that the facts alleged by Progressive in its motion for summary judgment were deemed admitted because Randall had failed to adequately dispute those facts under rule 7 of the Utah Rules of Civil Procedure.[2] *See generally* Utah R. Civ. P. 7(c)(3)(B) (requiring that a memorandum opposing a motion for summary judgment identify and dispute controverted facts asserted by the moving party). These facts included that Randall admitted that he did not remember the contents of the several application documents he had signed when purchasing his policy, that documents from Schroader-Blackley and Progressive indicated that Randall had rejected UIM coverage, and that there was no evidence that Schroader-Blackley had destroyed Randall's application documents in bad faith. In light of these facts, the district court concluded that Progressive had demonstrated that Randall had signed an acknowledgment rejecting UIM coverage at the time he procured his Progressive policy. *See generally* Utah R. Evid. 1004(1) (allowing the use of other evidence to show the contents of a writing when the original has been lost or destroyed in good faith). Accordingly, the district court granted Progressive's motion for summary judgment.

---

[2]Rather than provide a "verbatim restatement of each of [Progressive's] facts that [was] controverted," Utah R. Civ. P. 7(c)(3)(B), and "an explanation of the grounds for any dispute, supported by citation to relevant materials," *id.*, Randall's opposition to Progressive's motion for summary judgment merely identified certain facts that he did not dispute and stated, "All other 'facts' stated by [Progressive] are either disputed or irrelevant to the disposition of this case. Above all, [Randall] does deny signing a waiver of UIM coverage."

¶6    On appeal, Randall argues that Progressive's failure to produce a signed acknowledgment form waiving UIM coverage should have entitled him to such coverage, as a matter of law, pursuant to Utah Code section 31A-22-305.3.  Randall argues that the district court erred by allowing Progressive to use extrinsic evidence to establish that he had signed an acknowledgment form.[3]  "[W]e review questions of statutory interpretation for correctness giving no deference to the trial court's interpretation."  *In re S.C.*, 1999 UT App 251, ¶ 8, 987 P.2d 611 (internal quotation marks omitted).

¶7    Utah Code section 31A-22-305.3(3)(a) provides as follows:

> For new policies written on or after January 1, 2001, the limits of underinsured motorist coverage shall be equal to the lesser of the limits of the named insured's motor vehicle liability coverage or the maximum underinsured motorist coverage limits available by the insurer under the named insured's motor vehicle policy, unless a named insured rejects or purchases coverage in a lesser amount by signing an acknowledgment form . . . .

Utah Code Ann. § 31A-22-305.3(3)(a) (Supp. 2012).  Section 31A-22-305.3(3)(a) also enumerates several requirements for such acknowledgment forms, including that they reasonably explain the purpose of UIM coverage and disclose the additional premium required for the purchase of UIM coverage.  *See id.* § 31A-22-305.3(3)(a)(i)–(v).  However, the statute is silent as to whether a rejection of UIM coverage can be proved by extrinsic evidence in the event that a signed acknowledgment is lost or destroyed.

¶8    Randall urges us to adopt a bright line rule that an insurance company must either produce the acknowledgment form signed by an insured or provide UIM coverage pursuant to Utah Code section 31A-22-305.3(3)(a) whenever a policy has been

---

[3]Randall does not challenge any other aspect of the district court's summary judgment order, such as the district court's application of rule 7 or its ultimate determination that no material factual dispute existed.

issued.[4] We observe nothing in the statutory language to justify such a rule. We are also unpersuaded by Randall's argument that the public policy behind UIM coverage is so strong that we must prohibit insurance companies from establishing a UIM waiver by any means other than the production of the acknowledgment form signed by an insured. *See generally McArthur v. State Farm Mut. Auto. Ins. Co.*, 2012 UT 22, ¶ 14, 274 P.3d 981 ("[W]e do not understand the legislature to have elevated the goal of ensuring UIM coverage above all others and at all costs.").

¶9     We further note that the Utah Rules of Evidence have long provided that the contents of documents that have been lost or destroyed in good faith can be shown by extrinsic evidence. *See* Utah R. Evid. 1004; *State v. Loughton*, 747 P.2d 426, 431 (Utah 1987) ("The Utah Rules of Evidence, modeled after the federal rules, were adopted April 13, 1983, and made effective September 1, 1983 . . . ."). Rule 1004 predates the legislature's first enactment of the statutory "express writing" requirement in 1985, *see* Utah Code Ann. § 31A-22-305(4)(a) & history (1986), and has remained in effect ever since. We presume that the legislature was aware of rule 1004 and would have drafted around the potential application of that rule if that was its intent. *Cf. Corwell v. Corwell*, 2008 UT App 49, ¶ 13, 179 P.3d 821 ("We presume that the legislature was aware of this possibility and intentionally chose not to include annulled marriages as grounds for cohabitant status under the [Cohabitant Abuse] Act.").

¶10     We therefore agree with the district court that rule 1004 of the Utah Rules of Evidence allowed Progressive to use extrinsic evidence to establish that Randall had signed an acknowledgment rejecting UIM coverage in accordance with Utah Code section 31A-22-305.3. Rule 1004 provides, "The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if: . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith . . . ." Utah R. Evid. 1004(1). Here, the district court determined on the basis of admitted facts that Schroader-Blackley had destroyed Randall's acknowledgment form and that there was no evidence that it had done so in bad faith. The district court

---

[4]Randall concedes in his reply brief that a copy of the acknowledgment form would also likely suffice to satisfy the statute. *See also* Utah R. Evid. 1003 (allowing duplicate documents to be admitted to the same extent as originals in most circumstances).

therefore properly considered Progressive's extrinsic evidence in considering whether Randall had in fact signed an acknowledgment rejecting UIM coverage.

¶11     In conclusion, we decline to adopt Randall's requested bright line rule requiring automobile insurance companies to provide UIM coverage pursuant to Utah Code section 31A-22-305.3 whenever they cannot produce the insured's signed acknowledgment form rejecting that coverage.  The district court properly allowed Progressive to use rule 1004 of the Utah Rules of Evidence to prove the contents of Randall's acknowledgment form, including Randall's signature thereon, and we affirm the district court's entry of summary judgment in favor of Progressive.


_____
William A. Thorne Jr., Judge


-----


¶12     WE CONCUR:



_____
James Z. Davis, Judge



_____
Michele M. Christiansen, Judge