**2013 UT App 184**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF A.T. AND J.B.J., PERSONS
UNDER EIGHTEEN YEARS OF AGE.

L.G.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20120329-CA
Filed July 26, 2013

Fourth District Juvenile, Provo Department
The Honorable Suchada P. Bazzelle
No. 522670

D. Grant Dickinson, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys
for Appellee
Paul Waldron, Guardian ad Litem

JUDGE WILLIAM A. THORNE JR. authored this Opinion, in which
JUDGE J. FREDERIC VOROS JR. concurred. JUDGE JAMES Z. DAVIS
concurred in part and dissented in part, with opinion.

THORNE, Judge:

¶1      L.G. (Mother) appeals the juvenile court's termination of her
parental rights in A.T. and J.B.J. (the Children). Mother argues that
she is entitled to reunification services pursuant to Utah Code

section 78A-6-312(25)(a). *See* Utah Code Ann. § 78A-6-312(25)(a) (LexisNexis 2012).[1] We reverse and remand.

BACKGROUND

¶2    Mother is the biological mother of the Children. J.B. (Father) is the biological father of J.B.J. and the stepfather of A.T.

¶3    On February 4, 2011, Mother was convicted of felony drug offenses. She was sentenced to serve one to fifteen years in the Utah State Prison. At the time of Mother's incarceration, the Children remained with Father. In May, law enforcement authorities received a report that Father had used heroin. Officers obtained a warrant to search the home and found several bags of pills belonging to Father and drug paraphernalia. The Division of Child and Family Services (DCFS) removed the Children from Father's care and placed them in the home of a paternal aunt and her husband (the Foster Parents).

¶4    Thereafter, DCFS identified a primary permanency goal for the Children of reunification with Father. The juvenile court approved a service plan for Father because he was the custodial parent of the Children at the time of removal and Mother was incarcerated for an extended sentence. Father was subsequently

---

1. The Utah State Legislature has altered Utah Code section 78A-6-312 but has not chosen to change the requirements of subsection (25)(a). Since the relevant time period, the legislature has twice amended section 78A-6-312. *See* Utah Code Ann. § 78A-6-312 amend. notes (LexisNexis 2012) (adding several subsections and including "fetal alcohol spectrum disorder" in subsection (21)(k)); *see also* S.B. 255, 60th Leg., Gen. Sess. (Utah 2013) (adding several subsections and eliminating subsection (17), thereby renumbering subsection (25)(a) to (24)(a)). For the parties' convenience, we cite to the relevant code section with the previous numbering. *See* Utah Code Ann. § 78A-6-312.

charged with several counts of possession of drugs and drug paraphernalia. On August 24, Father was incarcerated in the Utah County Jail. On September 28, the State requested that Father's reunification services be terminated due to Father's failure to comply with the service plan objectives and due to his recent incarceration.[2] The parties, including Mother, stipulated that a permanency hearing could also be held on September 28.

¶5 At the permanency hearing, the juvenile court inquired about the status of Mother's sentence. Mother's attorney informed the court that Mother had recently been before the parole board and that she had seven months of incarceration remaining and then would spend some time at a half-way house. The juvenile court changed the permanency goal for the Children to adoption, stating, "With another seven months [left] it does not appear that there's any reasonable likelihood that [Mother] would be able to put herself in a position to obtain custody of [the C]hildren upon her release."

¶6 The juvenile court held a termination of parental rights trial on February 16, 2012. Mother argued that her parental rights should not be terminated because DCFS failed to make reasonable efforts to provide her with reunification services. The juvenile court was not persuaded, observing that Mother "has been incarcerated for the entire course of this case and reunification services, as a practical matter, could not possibly be provided to her." The juvenile court also rejected Mother's argument stating,

> [T]he permanency goal set by the Court in this case was for reunification with [Father] because he was the custodial parent at the time of removal and because [Mother] was serving a long-term prison sentence. The Service Plan was geared toward services for [Father] and the [C]hildren and DCFS was ordered by the Court to move in that direction.

---

2. The State anticipated Father would be incarcerated for at least one year.

> Therefore, [Father], not [Mother], is the parent entitled to reasonable efforts from DCFS.

The juvenile court determined that Mother and Father had "substantially neglected, willfully refused or have been unable or unwilling to remedy the circumstances that caused the out-of-home placement and there is no substantial likelihood that they will [be] capable of exercising proper and effective parental care in the near future." The juvenile court terminated Mother's and Father's parental rights in the Children. The juvenile court then ordered the permanency plan for the Children to be changed to adoption. Mother appeals.

ISSUES AND STANDARDS OF REVIEW

¶7     Mother argues that she is entitled to reunification services because the juvenile court failed to comply with Utah Code section 78A-6-312(25)(a), which section provides that when a parent is incarcerated, "the court shall order reasonable services unless it determines that those services would be detrimental to the minor." Utah Code Ann. § 78A-6-312(25)(a) (LexisNexis 2012). Mother also argues that the juvenile court erred by failing to order reasonable reunification services. A decision to order reunification services lies within the sound discretion of the juvenile court. *See In re N.R.*, 967 P.2d 951, 956 (Utah Ct. App. 1998). Accordingly, we review the juvenile court's decision not to order reunification services for an abuse of discretion. However, "we review the district court's decision for correctness to the extent it involves questions of statutory interpretation" of section 78A-6-312(25). *Diener v. Diener*, 2004 UT App 314, ¶ 4, 98 P.3d 1178 (citation and internal quotation marks omitted).[3]

---

3. Because we reverse the matter based on Mother's reunification services argument, we do not address her additional argument that the juvenile court erred in concluding that termination was in the best interest of the Children when it failed to order the statutorily

(continued...)

ANALYSIS

¶8     Mother asserts that the juvenile court erred in determining that she was not entitled to reunification services because at the time of the Children's removal Father was the custodial parent and Mother was serving a long-term prison sentence. Specifically, Mother argues that the juvenile court was required, under Utah Code section 78A-6-312(25)(a), to order reasonable services to her while she was in prison unless the court "determine[d] that those services would be detrimental to the [Children]." *See* Utah Code Ann. § 78A-6-312(25)(a). Mother contends that because the juvenile court had not determined that reunification services would be detrimental to the Children, it erred in deciding that she was not entitled to services while in prison.

¶9     Both the State and the Guardian ad Litem argue that the statute does not require the juvenile court to make a specific finding that reunification services would be detrimental to the Children. They argue that instead of a specific "detrimental to the minor" finding the court need only make findings which demonstrate that reunification services would have been detrimental to the Children. For instance, the State asserts that the juvenile court found that services were never contemplated for Mother because of her extensive history with DCFS wherein she ostensibly improved but quickly reverted to her past behaviors; Mother's extensive history of substance abuse, violent behavior, and criminal activity; and Mother's incarceration before and throughout the proceedings. These findings, the State argues, are sufficient to demonstrate that the juvenile court considered the section 78A-6-312(25)(b) factors that are relevant to a detrimental

---

3. (...continued)
required independent investigation into allegations that the Foster Parents had abused the Children. *See Archuleta v. Galetka*, 2011 UT 73, ¶ 33, 267 P.3d 232 ("[An appellate court] need not analyze and address in writing each and every argument, issue, or claim raised [and properly before it on appeal]." (citation and internal quotation marks omitted)).

to the minor finding and that the findings that were made demonstrate the court's decision-making process regarding the detrimental to the minor issue.

¶10    This question appears to be governed by section 78A-6-312(25). When interpreting statutes, "our primary goal is to evince the true intent and purpose of the [Utah] Legislature." *State v. Davis*, 2011 UT 57, ¶ 21, 266 P.3d 765. To discern legislative intent, we first look to the plain language of the statute and give effect to that language unless it is ambiguous. *State v. Jeffries*, 2009 UT 57, ¶ 7, 217 P.3d 265 (citation and internal quotation marks omitted). "[W]e assume the legislature used each term advisedly and in accordance with its ordinary meaning." *Id.* (citation and internal quotation marks omitted).

¶11    With these rules in mind, we turn to the pertinent language in section 78A-6-312(25),

> (a) If a parent is incarcerated or institutionalized, the court *shall* order reasonable services *unless it determines that those services would be detrimental to the minor*.
>
> (b) In making the *determination* described in Subsection (25)(a), the court *shall* consider:
>> (i) the age of the minor;
>> (ii) the degree of parent-child bonding;
>> (iii) the length of the sentence;
>> (iv) the nature of the treatment;
>> (v) the nature of the crime or illness;
>> (vi) the degree of detriment to the minor if services are not offered;
>> (vii) for a minor 10 years of age or older, the minor's attitude toward the implementation of family reunification services; and
>> (viii) any other appropriate factors.

*Id.* (emphases added).

¶12　Relying on the plain language of the statute, we agree with Mother that the statute requires the juvenile court to order reasonable services to Mother unless it makes an actual determination that those services would be detrimental to the Children. Utah Code section 78A-6-312(25)(a) expressly states that "the court *shall* order reasonable services *unless it determines* that those services would be *detrimental to the minor."* Utah Code Ann. § 78A-6-312(25)(a) (LexisNexis 2012) (emphases added). "The term 'shall' is generally 'presumed mandatory' and has 'a usually accepted mandatory connotation' that requires strict compliance with the other statutory terms." *Brewster v. Brewster*, 2010 UT App 260, ¶ 18, 241 P.3d 357 (quoting *Board of Educ. of Granite Sch. Dist. v. Salt Lake Cnty.*, 659 P.2d 1030, 1035 (Utah 1983)). The legislature's use of "shall" in section 78A-6-312(25) plainly expresses an instruction that a court order reasonable services to an incarcerated individual under the conditions set forth in the statute.

¶13　Thus, under the statute, a court may only deny reasonable services to an incarcerated individual if the court "*determines* that those services would be *detrimental to the minor*." Utah Code Ann. § 78A-6-312(25)(a) (emphases added). The statute instructs the court to consider several factors when making that *determination*. *See id.* § 78A-6-312(25)(b). The State and the Guardian ad Litem, however, assert that the juvenile court is not required to make a specific "detrimental to the minor" determination in order to comply with subsection (25)(a). They argue that the juvenile court complied with subsection (25)(a) by making findings that clearly demonstrate that it considered the factors in subsection (25)(b) in its reunification services decision. We disagree. Considering the factors in subsection (25)(b), without making an actual determination, does not comport with the plain language requirement of subsection (25)(a) that the court "shall order reasonable services *unless it determines* that those services would be *detrimental to the minor*." *See id.* § 78A-6-312(25)(a) (emphases added).

¶14　Webster's Dictionary defines determine to mean "a: to fix conclusively or authoritatively" or "b: to settle a question or controversy about: decide by judicial sentence." Webster's Third

New International Dictionary Unabridged 616 (1986). Webster's defines determination as "the settling and ending of a controversy esp. by judicial decision: CONCLUSION, DECISION." *Id.* According to Black's Law Dictionary, determination means "a final decision by a court or administrative agency." Black's Law Dictionary 514 (9th ed. 2009). Based on these definitions of the relevant statutory terms, we conclude that section 78A-6-312(25)(a) instructs the court to make and explain a judicial determination about whether services would be detrimental to the minor after consideration of the factors outlined in subsection (25)(b).

¶15    The juvenile court, in this case, did not, by an oral or written ruling, order, or judgment, articulate a decision that it would be detrimental to the Children to order reunification services to Mother. To the contrary, the court's reunification ruling specifies that a determining factor for the court's decision to deny services to Mother was the fact that Mother "was incarcerated at the Utah State Prison for an extended sentence," and "reunification services, as a practical matter could not possibly be provided to her." It may be, as the court stated, inconvenient or difficult as a practical matter to provide reunification services to Mother while she is incarcerated. Inconvenience or difficulty is not, however, the ultimate consideration for denial of said services to an incarcerated individual. Rather, the court is to evaluate and determine whether reunification services would be harmful or damaging to the minor children. Here, the juvenile court has not explained how the provision of services to Mother in prison would be detrimental to the Children. Although the court made some findings of fact related to Mother's extensive history with DCFS and her history of substance abuse, violent behavior, and criminal activity, those findings alone do not fulfill the juvenile court's requirement to itself make an actual determination that, based on certain findings, the provision of reunification services to Mother would be detrimental to the Children. Because the court did not make the necessary determination under section 78A-6-312(25)(a), we conclude that the court erred by denying reasonable services to Mother and terminating her parental rights.

CONCLUSION

¶16    Utah Code section 78A-6-312(25)(a) directs courts to order reasonable reunification services to an incarcerated parent unless the court, after considering the statutory factors outlined in subsection (25)(b), arrives at a judicial determination that services would be detrimental to the minor. Here, the juvenile court did not make a determination that services would be detrimental to the Children. We therefore reverse the juvenile court's denial of reasonable reunification services to Mother and subsequent termination of her parental rights and remand for further proceedings consistent with this decision.

DAVIS, Judge (concurring in part and dissenting in part):

¶17    I concur with the majority's opinion with respect to its interpretation of Utah Code section 78A-6-312(25), to the extent it requires a determination that providing reasonable services would be detrimental to the Children. I dissent, however, as to the result that opinion reaches. Under the facts and circumstances of this case, the juvenile court made more than adequate findings to support that determination. I would exercise this court's power to modify the juvenile court's order accordingly, rather than reverse and remand for further proceedings. *See* Utah R. App. P. 30(a) ("The court may reverse, affirm, modify, or otherwise dispose of any order or judgment appealed from.").

¶18    The juvenile court's order touches upon the factors enumerated by subsection (25)(b). The court found that DCFS has been involved in the Children's lives almost continuously since A.T. was barely a toddler and throughout J.B.J.'s entire life. *See* Utah Code Ann. § 78A-6-312(25)(b)(i) (LexisNexis 2012) (directing the court to consider the age of the children). The juvenile court noted that the Children were raised in a "chaotic environment" in which they were exposed to domestic violence and illegal drug use, prompting its earlier adjudication "that the [C]hildren had . . . been chronically neglected by [Mother] due to the prolonged history with DCFS, the recurrence of domestic violence and substance

abuse, and criminal activity that resulted in frequent and now prolonged incarceration." *See id.* § 78A-6-312(25)(b)(v) (requiring the court to consider the nature of the crime). Indeed, Mother "has been incarcerated for the entire course of this case" and, at the time of the juvenile court's order, was not going to be "in a position to . . . have custody of the [C]hildren" "for at least another six to eight months." *See id.* § 78A-6-312(25)(b)(iii) (directing the court to consider the length of the sentence). Further, Mother had not seen the Children since her November 2010 incarceration and had written them just two or three letters throughout her prolonged incarceration. *See id.* § 78A-6-312(25)(b)(ii) (requiring the court to consider the strength of the parent-child bond). Before Mother's prolonged incarceration, DCFS had, over the course of several years, made "[e]xtensive efforts . . . to facilitate appropriate and necessary services to [Mother] so that she could make necessary changes in her life, including family drug court, substance abuse treatment, drug testing, parenting, etc.," but she returned to her bad behaviors after her case was closed. *See id.* § 78A-6-312(25)(b)(iv) (directing the court to consider the nature of the treatment). The juvenile court noted that Mother "has had the benefit of previous services on multiple occasions and has failed to make permanent changes in her lifestyle and decision making in order to provide a suitable home for her children." *See id.*

¶19  The majority nonetheless reverses the juvenile court's decision and remands for further proceedings because the court did not specifically "articulate a decision that it would be detrimental to the Children to order services to Mother," *see supra* ¶¶ 15–16. I do not believe such an outcome is warranted here. Instead, I would rule that by following the rubric prescribed by subsection (25)(b), the juvenile court's findings necessarily illustrate that it would be detrimental to the Children to order services to Mother. Accordingly, given this court's ability to "modify . . . any order or judgment appealed from," Utah R. App. P. 30(a), I would modify the juvenile court's order to make the required determination based on the findings the juvenile court has already made in support thereof.

––––––––––