**Diane Olive FRANK, Plaintiff and Respondent,**

v.

**Charles Gordon FRANK, Defendant and Appellant.**

No. 15492.

Supreme Court of Utah.

Sept. 29, 1978.

---

L. E. Richardson, Salt Lake City, for defendant and appellant.

Clark W. Sessions of Watkiss & Campbell, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Charles Gordon Frank appeals from that part of an order supplemental to a divorce decree which awarded the plaintiff Diane Olive Frank $300 per month alimony and $350 monthly child support for each of the two minor children of the marriage. He contends that the alimony should be either eliminated entirely or reduced and the child support reduced to $200 each per month.

At the time of the divorce in 1976, the parties had been married for 21 years and had three children: Melanie (who was 20 years old, and married), Pearson (age 17), and Carter (age 10). The defendant is a heart surgeon who has had a successful practice and substantial income therefrom as stated below. However, in 1975, he became so emotionally distressed that he had to be hospitalized and temporarily ceased his practice. During that time, the plaintiff formed a partnership with her parents and opened a small gift shop. Through that enterprise, and with additional funds borrowed from her parents, the plaintiff was able to support the family while the defendant was incapacitated.

On March 11, 1976, the plaintiff was awarded a divorce upon the grounds of mental cruelty, the details of which are not of concern here, and custody of the children. At that time, a property distribution was made, but matters of alimony and child support were held in abeyance due to the defendant's emotional disturbance and inability at that time to provide for the family.

At the end of that year, on December 20, 1976, the plaintiff filed the instant proceeding for alimony and child support, alleging that the defendant had resumed his practice and had substantial income as referred to presently. Two hearings were had thereon, as a result of which the trial court made the findings and order here under review. They include that during the 12-month period preceding the second hearing (from April 1976 when defendant resumed his practice, through March 1977), he had a gross income of about $66,000, which less operating expenses, left him an income of $51,000 plus; and that this could be expected to increase in the future as it had during his practice in the past. In regard to the plaintiff, the court found her annual income from the

gift shop business is about $11,000 and that during the time of defendant's disability it was necessary to supplement her income with loans from her family and by drawing on her capital investment in the partnership. The court also found that the plaintiff's monthly living expenses exceed $2,000.

In support of his contention herein, the defendant seizes upon a portion of the trial court's memorandum decision wherein he stated:

> . . . It is true that the plaintiff through enterprise and perhaps necessity, does have a far better income than the average wife this Court sees. Moreover, *the Court acknowledges that in one sense plaintiff does not need alimony in that she could probably subsist without it, and in fact, has done so for approximately the last two years.* However, and despite the foregoing, the Court feels wholly justified in making the alimony award it has and believes *this award is amply supportable under guidelines laid down in numerous decisions of our Supreme Court.* In making that award the Court has considered, among other things, (1) the length of this marriage, (2) plaintiff's assistance to defendant during the lean years from June 1955 to 1970 and during which defendant prepared himself for his present profession of cardiovascular surgery and particularly, (3) the present disparity in the plaintiff's and defendant's income and the disparity in their income potential. [Emphasis added.]

Defendant seeks to have us focus upon and consider in isolation that part of the trial court's statement "that in one sense plaintiff does not need alimony."

There are several difficulties in that position. The first and most obvious is that it cannot properly be taken out of context and so considered. The statement immediately following modifies it by saying that what he means is that "she *could* probably *subsist* without it." How the defendant, or any one on his behalf, could even suggest that a wife who had devoted 21 years to her marriage and reared a family should be turned out to subsist on her own is as discordant to our sense of justice as it was to the trial judge. The second is that notwithstanding the remark just referred to, the judge continued on, stating that he "feels wholly justified in making the alimony award" and proceeded to enunciate the factors he properly considered in such justification.[1] The third is that the formal findings, upon which the order under attack is based, superseded the memorandum decision;[2] and therein he recited his finding of fact that "the plaintiff is in need of alimony." The fourth is the fact that the plaintiff has some property or other means to support herself should not preclude such an allowance when the husband has far superior resources.[3]

Defendant makes a generally similar attack upon the excessiveness of the $350 per month support money for his two minor children. What has been said above relates generally to this issue. It is to be acknowledged that the child support, plus alimony of $300 per month, together with the plaintiff's other resources, amount to a fairly generous provision for their welfare. Yet when all of the appropriate factors are considered including the defendant's income and his potential, we do not see this as substantially disparate to the standard of

---

1. We so state in awareness of the statement in the recent case, decided upon significantly different facts, of *English v. English,* Utah, 565 P.2d 409 (1977). That the duration of the marriage is an appropriate factor to be considered in awarding alimony, see *Pinion v. Pinion,* 92 Utah 255, 67 P.2d 265 (1937); *McDonald v. McDonald,* 120 Utah 573, 236 P.2d 1066 (1951). See also *Barrett v. Barrett,* 17 Utah 2d 1, 403 P.2d 649 (1965); *Searle v. Searle,* Utah, 522 P.2d 697 (1974).

2. 76 Am.Jur.2d, Trial, Section 1260; *Levine v. Randolph Corp.,* 150 Conn. 232, 188 A.2d 59 (1963).

3. See 2 Nelson, Divorce and Annulment, Section 14.45 (2d ed. 1961).

living to which the defendant and also his family are entitled to maintain.[5]

The defendant has not sustained the burden which is his of demonstrating on appeal that the findings and order of the trial court are so discordant to principles of equity and justice that we should upset them and create a different order of our own.[6]

Affirmed. Costs to plaintiff (respondent).

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in the result.

---

4. As to such factors see cases footnote 1, above.

5. As to the latitude of discretion allowed the trial court and the reluctance of this Court to interfere therewith, see *Mitchell v. Mitchell,* Utah, 527 P.2d 1359, 1360 (1974); *Baker v. Baker,* Utah, 551 P.2d 1263 (1976); *Eastman v. Eastman,* Utah, 558 P.2d 514 (1976).