2006 UT App 506

**Lori D. BATTY, Petitioner and Appellant,**

v.

**Clark L. BATTY, Respondent and Appellee.**

**No. 20040924–CA.**

Court of Appeals of Utah.

Dec. 21, 2006.

---

5. It follows that the Association's request for attorney fees incurred on appeal is unavailing.

Michael K. Black, Young Kester & Petro, Provo, for Appellant.

Kent E. Snider, Ogden, for Appellee.

Before Judges BILLINGS, ORME, and THORNE.

## MEMORANDUM DECISION

ORME, Judge:

¶1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record[,] and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues presented are readily resolved under applicable law.

¶2 In this divorce appeal, Wife first argues that because the parties stipulated to the valuation of their businesses in accordance with the appraisals, the trial court erred by discounting the value of the welding business to reflect that "part of its value is tied to [Husband's] welding skills and operational skills." "[P]arties are generally free to agree upon facts subject to judi-

cial application of the law[.]" *In re E.H.,* 2006 UT 36, ¶ 22, 137 P.3d 809. While such an agreement "may be perceived as paring back the role of the court as fact-finder, … in most cases this result should be welcomed as an exercise entirely consistent with efficient and just judicial administration." *Id.* Thus, while "[t]he court need not necessarily abide by the terms of the litigant[s'] stipulations" regarding property distribution, those stipulations "should be respected and given great weight." *Pearson v. Pearson,* 561 P.2d 1080, 1082 (Utah 1977) (footnote omitted).

¶ 3 Here, the trial court did not give appropriate weight to the stipulated values of the businesses, which values appear to be completely fair and reasonable.[1] *Cf. Klein v. Klein,* 544 P.2d 472, 476 (Utah 1975) (recognizing that a stipulation is "a recommendation to be adhered to if the court believes it to be fair and reasonable"). The trial court's decision to deviate from the appraised values resulted in a $12,000 inequality. Thus, the trial court abused its discretion when it refused to defer to the fair and reasonable property values agreed upon by the parties, given that the court's departure from those values resulted in a substantial inequity. We therefore reverse the property award and remand to the trial court for modification in accordance with this decision.

¶ 4 Next, Wife contests the amount of alimony. In determining alimony, the trial court must consider three important factors: "[ (1) ] the financial condition and needs of the spouse claiming support, [ (2) ] the ability of that spouse to provide sufficient income for him or herself, and [ (3) ] the ability of the responding spouse to provide the support." *Stevens v. Stevens,* 754 P.2d 952, 958 (Utah Ct.App.1988). *See also* Utah Code Ann. § 30–3–5(8)(a) (Supp.2006) (listing these factors along with four other factors that must be considered in alimony determination); *Gardner v. Gardner,* 748 P.2d 1076, 1081 (Utah 1988). Although a trial court is given "considerable discretion" in determining an alimony award, "[f]ailure to consider

these factors constitutes an abuse of discretion." *Stevens,* 754 P.2d at 958.

¶ 5 The *Stevens* factors should have been addressed in the order stated in that opinion. First, the trial court should have determined Wife's needs. Her needs are not simply those things needed for survival. *See Frank v. Frank,* 585 P.2d 453, 455 (Utah 1978) (affirming trial court's alimony award, notwithstanding the trial court's finding that " 'in one sense [the wife] does not need alimony in that she could probably subsist without it, and in fact, has done so for approximately the last two years' ") (emphasis omitted). Instead, Wife's needs "are assessed in light of the standard of living [the parties] had during marriage." *Martinez v. Martinez,* 818 P.2d 538, 542 (Utah 1991). Second, the trial court should have determined Wife's ability to meet her own needs. Such evaluation properly takes into account the result of the property division, particularly any income-generating property Wife is awarded, but alimony is not meant to offset an uneven property award. Rather, as a matter of routine, an equitable property division must be accomplished prior to undertaking the alimony determination. *See Burt v. Burt,* 799 P.2d 1166, 1170 n. 3 (Utah Ct.App. 1990) ("Proper distribution of property interests of one sort or another should have come first, and only then would alimony need to be considered."). And if Wife is then capable of meeting her determined needs, no alimony should be awarded. *See id.* Third, if Wife is not able to meet her own needs, the trial court should have determined the ability of Husband to fill the gap between Wife's needs and her own ability to meet those needs, with an eye towards equalizing the parties' standards of living only if there is not enough combined ability to maintain both parties at the standard of living they enjoyed during the marriage. *See Gardner,* 748 P.2d at 1081.

¶ 6 The trial court here did not consider the necessary factors in the manner outlined above, but instead awarded alimony as sim-

---

1. Indeed, the same appraiser and the same formula were used to appraise each business. Nonetheless, the trial court treated the businesses unequally, discounting the welding business because of Husband's skill, yet failing to apply the same type of discount to the fly-tying business that was built primarily upon Wife's skill.

ply "an income equalization concept." Accordingly, we reverse and remand to the trial court to make findings regarding the necessary factors and to modify the alimony award as may be appropriate.

¶7 WE CONCUR: JUDITH M. BILLINGS and WILLIAM A. THORNE JR., Judges.