■ BERTA POBERESKY, Appellant, v LEV POBERESKY, Respondent. [897 NYS2d 401]—

Judgment, Supreme Court, New York County (Marilyn B. Dershowitz, Special Ref.), entered May 23, 2008, to the extent appealed from as limited by the brief, awarding plaintiff $3,700 per month in spousal maintenance taxable to her, directing that defendant be credited for pendente lite maintenance overpayments, and omitting any reference to the issue of plaintiff's health insurance coverage, unanimously modified, on the law and the facts, to increase plaintiff's maintenance award to $4,200, and otherwise affirmed, without costs.

In concluding that "[t]here is no life style that must be maintained here," the Special Referee focused disproportionately on the parties' standard of living during the first eight years following their immigration to this country from the Soviet Union and failed to give due consideration to their standard of living during the seven years before the commencement of this action (see Domestic Relations Law § 236 [B] [6]; Hartog v Hartog, 85 NY2d 36, 50-51 [1995]).

We agree with Supreme Court that the defendant should be reimbursed for any excess temporary maintenance payments from the sums awarded to the plaintiff in equitable distribution (Johnson v Chapin, 49 AD3d 348, 360 [2008] ["equity requires that the husband be awarded a distributive credit for . . . the amount that his pendente lite support payments exceeded what he would have been required to pay consistent with the final maintenance award"]).

In determining defendant's maintenance obligations, the Special Referee properly considered his primary salary only, crediting defendant's testimony that he had worked overtime and taken on additional jobs to enable his daughter to graduate from private college without debt and thereafter continued to

support her for a time, that he had planned to reduce his workload but was under financial pressure supporting two families, and that he was 60 years old. However, we find the monthly maintenance award of $3,700 inadequate and increase the award as indicated.

Plaintiff, who is now eligible for Medicare, failed to identify any special medical needs requiring an additional award for medical expenses or health insurance coverage.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Catterson, McGuire, Acosta and Renwick, JJ.