2013 UT App 296

**James N. CANTRELL, Petitioner and Appellee,**

v.

**Ellen CANTRELL, Respondent and Appellant.**

**No. 20110433–CA.**

Court of Appeals of Utah.

Dec. 19, 2013.

588

Stephen W. Jewell, Logan, for Appellant.

Lyle W. Hillyard and R. Christian Hansen, Logan, for Appellee.

Judge MICHELE M. CHRISTIANSEN authored this Opinion, in which Judge STEPHEN L. ROTH concurred. Judge JAMES Z. DAVIS concurred in the result.

CHRISTIANSEN, Judge:

¶ 1 Ellen Cantrell (Wife) appeals from the district court's order granting James N. Cantrell's (Husband) petition to modify a decree of divorce. We reverse and remand.

## BACKGROUND

¶ 2 In late 2007, after a marriage of just over twenty-two years, the parties entered into a Collaborative Law Participation Agreement in which they agreed to pursue a divorce settlement without judicial intervention. In April 2008, the parties memorialized their agreement regarding the terms of their divorce (the Stipulation) and submitted the Stipulation to the court for entry of a decree of divorce.[1] The parties have three minor children, two daughters and one son.

¶ 3 In the Stipulation, the parties agreed that Husband would have primary physical custody of their son and Wife would have primary physical custody of their daughters. The parties also agreed that Wife would be awarded the marital home and would attempt to refinance the home in order to eliminate Husband's obligation as a debtor on the home. The Stipulation provided that if the marital home were sold at any time, Wife would be awarded the net proceeds of the sale, but it did not otherwise address a sale of the marital residence. The Stipulation also included a proposed parenting plan, which provided,

[E]ach parent will continue to reside in fairly close proximity to the other. If either [parent] intends to relocate so that this plan would be impractical to maintain,

1. For clarity, we refer to the court in which the petition for divorce was filed and in which the decree of divorce was entered as the decree court. We refer to the court that adjudicated Husband's petition to modify the decree of divorce and entered the order appealed from as the district court.

then the relocating parent should give notice to the other parent as soon as possible. Each [parent] should then submit proposed amended parenting plans to take into account the proposed relocation.

¶ 4 The parties also "agreed to an upward deviation" from the child support amount required by statute?[2] The Stipulation provided that Husband would "pay child support for [the daughters] to [Wife] in the amount of $8000.00 per month" and that Wife would not make any child support payments to Husband. The Stipulation did not provide any explanation for the upward deviation.

¶ 5 The decree court entered a decree of divorce (the Decree) in May 2008 based upon and incorporating the Stipulation. The Decree recognized that Husband's child support obligation "constitutes an upward deviation from the amount required by [statute]."[3] The attached child support obligation worksheet stated only, "This is an upward deviation in the base child support award," in the space provided for explanation of any deviation from the guideline amount. The Decree did not otherwise address the basis for the upward deviation.

¶ 6 In August 2008, Wife relocated with the daughters to upstate New York. In October 2008, Husband filed with the district court a petition to modify the Decree, in part to modify his child support to correspond to the guideline amount based on the parties' then-current incomes and thereby eliminate the upward deviation.[4] Husband claimed that the reason he had originally agreed to an upward deviation in the amount of his child support payment was "so that [Wife] could maintain the marital residence and [the daughters] would not have to move." He asserted that the upward deviation was no longer necessary because "the purpose behind the upward deviation [was] defeated by [Wife's] relocation to New York." Accordingly, Husband argued that Wife's relocation to New York constituted a substantial change in circumstances that was not contemplated in the Decree.

¶ 7 In November 2010, having settled some issues and reserved others for trial, the parties filed cross-motions for partial summary judgment on the remaining issues, including modification of child support. Husband argued that because no finding was made in the Decree regarding the reason for the upward deviation, his child support obligation should be recalculated according to the statutory guideline amounts. He also argued that the undisputed evidence—specifically, emails exchanged by the parties prior to their formal divorce proceedings—showed that the reason for the upward deviation was to provide for maintenance of the marital residence, and that the deviation was no longer necessary as a result of Wife's sale of the marital residence. Wife argued that no further explanation for the upward deviation was required by statute and that the district court could not consider parol evidence to determine the reason for the upward deviation because the provisions of the Decree and Stipulation that provided for the upward deviation were not ambiguous.

¶ 8 After hearing oral argument on the parties' motions for summary judgment, the

---

**2.** The Stipulation appears to have been drafted based on the parties' understanding of the requirements of the Utah Uniform Civil Liability for Support Act. See Utah Code Ann. §§ 78–45–1 to –13 (LexisNexis 2002 & Supp.2007). At the time the parties executed the Stipulation, that act had been renumbered and amended as the Utah Child Support Act. See Utah Code Ann. §§ 78B–12–101 to –403 & amend. notes (LexisNexis 2008) (explaining that the 2008 amendments became effective February 7, 2008). However, the decree of divorce entered by the decree court properly relied upon the Utah Child Support Act as the law in effect at the time. And because the stipulated support amount is an upward deviation from the statutory guidelines under either act, the parties' reliance on the superseded act in the Stipulation does not materially affect our analysis.

**3.** Based on the child support obligation worksheet attached to the Decree, Husband was obligated to pay $5,232 per month to Wife for child support for the daughters, consistent with the statutory guidelines. See Utah Code Ann. § 78B–12–301 (LexisNexis 2008). The stipulated support amount of $8,000 was thus an upward deviation of $2,768 per month.

**4.** Husband requested modification of other terms of the Decree in his petition to modify, but neither party has challenged the district court's rulings on those issues in this appeal. We therefore do not review those rulings.

district court resolved or deferred all of the issues raised except for child support. The district court scheduled an evidentiary hearing on the child support issue because it found that the "stipulation and divorce decree upon which it is based are ambiguous regarding the reason that there was an upward deviation in the child support." At the hearing on January 6, 2011, the district court elaborated, "[B]ecause there was never an explanation for the upward deviation in child support, as the code requires an explanation, [the court] found that [the Decree] was ambiguous on its face.... [The court] found it was ambiguous because the code requires an explanation be given." The district court then received evidence and testimony from the parties as to the original purpose of the upward deviation. Husband testified that the purpose of the upward deviation was for maintenance of the marital home, and he offered the emails exchanged by the parties prior to their divorce as evidence of this intent. Wife testified that her remaining in the marital home was never a condition of the upward deviation and that she was already contemplating moving from the home in early 2008.

¶ 9 In April 2011, the district court entered its findings of fact, conclusions of law, and order granting Husband's petition to modify child support. The court noted that "this is a difficult determination because of the scant evidence received regarding this issue because of the parties' collaborative law agreement and their failure to articulate a reason for the upward deviation other than their 'agreement' to doing so." The district court found that the evidence presented at the hearing "demonstrate[d] that the parties both desired that the minor children should remain in the marital home and that the marital home was going to take money to keep the house going." The court found Husband's testimony more credible as to the purpose for the upward deviation, concluding that "the reason for the upward deviation in child support was because of the substantial maintenance costs for keeping the [marital] home." As a result, the district court found that Wife "moving from and selling the [marital] home constitutes a substantial change in circumstance[s]." The court granted Hus-

band's petition to modify as to child support, concluding that child support should be reduced to the amount required under the child support guidelines.

## ISSUES AND STANDARDS OF REVIEW

¶ 10 Wife first claims that the district court incorrectly determined that the Decree failed to comply with the requirements of the Utah Child Support Act and that this failure created an ambiguity in the Decree. Wife contends that the district court therefore erred in receiving parol evidence regarding the purpose for the upward deviation in child support and in granting Husband's petition to modify the Decree on the basis of that evidence. "We review the trial court's legal determinations regarding [Husband's] entitlement to child support modification for correctness." *Doyle v. Doyle*, 2009 UT App 306, ¶ 9, 221 P.3d 888, *aff'd*, 2011 UT 42, 258 P.3d 553. "Interpretation of a divorce decree presents a question of law, which is reviewed for correctness." *Gardner v. Gardner*, 2012 UT App 374, ¶ 14, 294 P.3d 600. And "we review the district court's decision for correctness to the extent it involves questions of statutory interpretation." *Diener v. Diener*, 2004 UT App 314, ¶ 4, 98 P.3d 1178 (citation and internal quotation marks omitted).

¶ 11 Alternatively, Wife argues that the evidence is insufficient to support the district court's findings of fact supporting its grant of Husband's petition to modify. "In reviewing child ... support proceedings, we accord substantial deference to the trial court's findings and give it considerable latitude in fashioning the appropriate relief. We will not disturb the district court's actions unless the court exceeded the limits of its permitted discretion." *Id.* (omission in original) (citation and internal quotation marks omitted).

## ANALYSIS

¶ 12 The central issue in this case is whether the district court erred in granting Husband's petition to modify the award of child support to eliminate the upward deviation. Entry and modification of child sup-

port orders are governed by section 210 of the Utah Child Support Act (the Act). Utah Code Ann. § 78B–12–210 (LexisNexis 2008). To determine whether the district court properly based its decision on a perceived ambiguity in the Decree we must first interpret the requirements for a deviated order under Utah Code section 78B–12–210(3). We then consider whether the district court's ruling on Husband's petition to modify complied with the requirements to modify a decree of divorce under Utah Code section 78B–12–210(9).

## I. Under These Circumstances, No Explanation for the Upward Deviation in the Decree Was Required by Statute.

¶ 13 Wife challenges the district court's determination that the Decree did not comply with the statutory requirements for an upward deviation because no explanation was given for the upward deviation in child support. The district court explained, "[T]here was never an explanation for the upward deviation ...; therefore, [the court] found it was ambiguous because the code requires an explanation be given." Wife argues that the district court incorrectly concluded that the absence of such an explanation created an ambiguity in the Decree. We therefore consider the requirements for a deviated child support order under the Act.

¶ 14 The Act establishes specific guidelines for the calculation of child support obligations. *See* Utah Code Ann. §§ 78B–12–205, –301 (LexisNexis 2008). The Act also establishes a presumption that the award amount resulting from application of the guidelines is the correct child support obligation to be imposed. *Id.* § 78B–12–210(2). Generally, to rebut the presumption that the guideline amount is correct, the district court must enter a "specific finding on the record" supporting its conclusion that the guideline award would be "unjust, inappropriate, or not in the best interest of a

child." *Id.* § 78B–12–210(3). However, "a party may agree to pay child support *in excess* of the guidelines even if the trial court does not make a specific finding that such a deviation is warranted." *Davis v. Davis*, 2011 UT App 311, ¶ 17 n. 11, 263 P.3d 520 (emphasis added). Because an increase in ordered child support does not negatively implicate a child's best interest in the obvious way that a decrease in child support would, a district court may accept the parties' stipulation to an upward deviation without further findings under the principle that a "stipulation constitutes an agreement of the parties that all the facts necessary to support it ... pre-existed and would be sustained by available evidence, had not the agreement of the parties dispensed with the taking of evidence," *see id.* (omission in original) (citation and internal quotation marks omitted).[5]

¶ 15 Here, as a result of their collaborative law agreement, the parties stipulated to an upward deviation from the presumed guideline amount. The decree court accepted the parties' stipulation and incorporated the stipulated deviation into the Decree without a separate finding by the decree court to rebut the presumption under Utah Code section 78B–12–210(3). However, because the parties had stipulated to an upward deviation from the guideline amount, the decree court was not required to make a specific finding that the deviation was warranted. *See id.* Thus, even absent such a finding by the decree court, the Decree complied with the requirements of Utah Code section 78B–12–210(3). The district court therefore erred in concluding that an explanation for the deviation was required by statute under these circumstances and that the absence of an explanation rendered the Decree ambiguous.

## II. The Decree Is Not Otherwise Ambiguous as to the Reason for the Upward Deviation.

¶ 16 Our determination that the Act does not require an explanation for the

---

5. This case does not present us with the question of whether and to what extent parties may stipulate to a downward deviation from the guideline child support amount, and we do not decide that question today. Clearly a decrease in child support from the guideline amount has an obvious potential to negatively affect the best interest of the child. Thus, if the district court accepts a stipulation by the parties to such a downward deviation from the guideline child support amount, it should nevertheless enter specific findings supporting its conclusion that such a downward deviation was warranted under the circumstances. *See* Utah Code Ann. § 78B–12–210(3) (LexisNexis 2008).

upward deviation in this case is not dispositive of the parties' arguments regarding whether the Decree is ambiguous under a contract analysis. "We interpret a divorce decree according to established rules of contract interpretation. . . ." *Moon v. Moon*, 1999 UT App 12, ¶ 18, 973 P.2d 431 (citation and internal quotation marks omitted). "A contractual term or provision is ambiguous if it is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies." *Glenn v. Reese*, 2009 UT 80, ¶ 10, 225 P.3d 185 (citation and internal quotation marks omitted). Husband argues that the Decree is rendered ambiguous by a missing term—an explanation of the reason for the upward deviation. Wife argues that the language of the Decree is unambiguous because a contract need contain only clear and unambiguous terms, and not an explanation for every provision. We agree with Wife.

¶ 17 The Decree plainly states that Husband "shall pay to [Wife], as and for base child support, the sum of $8,000 per month for the support of [the daughters], commencing the month after the date of entry by the Court of this Decree of Divorce." The Decree also notes that the child support award is an upward deviation from that required by statute. The parties do not dispute that these terms unambiguously define Husband's child support obligation. The absence of an explanation for why the parties agreed to the upward deviation or the specific amount of child support has no bearing on the meaning or interpretation of the child support provision and does not render the terms of the Decree "capable of more than one reasonable interpretation." *See id.* Accordingly, we conclude that the Decree is not ambiguous as to the reason for the upward deviation but that it is simply silent on the matter.

III. The District Court's Findings Are Inadequate To Sustain Its Grant of Husband's Petition To Modify the Decree with Respect to Child Support.

¶ 18 Having determined that the Decree is not ambiguous, we next consider whether the district court properly granted Husband's petition to modify the Decree. The district court explained that as a result

of its determination that the Decree was ambiguous, the court was not required to "go through the whole analysis of a substantial change in circumstances, best interests of the child, because that's not necessary." We conclude, however, that the district court was required to evaluate Husband's petition under the statutory framework for deciding a petition to modify child support.

¶ 19 Because the Decree is not ambiguous, the district court's task was not to clarify the Decree by employing a contract analysis but to evaluate Husband's petition under Utah Code section 78B–12–210(9). "A parent, legal guardian, or the [Office of Recovery Services] may at any time petition the court to adjust the amount of a child support order if there has been a substantial change in circumstances." Utah Code Ann. § 78B–12–210(9)(a) (LexisNexis 2008). "Upon receiving a petition under Subsection (9)(a), the court shall, taking into account the best interests of the child[,] . . . determine whether a substantial change has occurred" and whether that change justifies an adjustment of the payor's child support obligations. *See id.* § 78B–12–210(9)(c). "[A] party requesting that a divorce decree be modified must demonstrate that there has been a substantial change of circumstances occurring since the entry of the decree [that was] not contemplated in the decree itself." *Gullickson v. Gullickson*, 2013 UT App 83, ¶ 21, 301 P.3d 1011 (first alteration in original). However, it is not enough for the parties themselves to have contemplated the change in circumstances. "In order for a material change in circumstances to be contemplated in a divorce decree there must be evidence, preferably in the form of a provision within the decree itself, that the *trial court* anticipated the specific change." *Durfee v. Durfee*, 796 P.2d 713, 716 (Utah Ct.App.1990) (emphasis added). "Thus, if both the divorce decree and the record are bereft of any reference to the changed circumstance at issue in the petition to modify, then the subsequent changed circumstance was not contemplated in the original divorce decree." *Wall v. Wall*, 2007 UT App 61, ¶ 12, 157 P.3d 341 (citation and internal quotation marks omitted).

¶ 20 Husband petitioned for a modification of the Decree on the basis that Wife's "relo-

cation to New York ... constitutes a substantial change in circumstances not contemplated at the time the Decree of Divorce was entered." The district court's focus thus should have been on subsection 78B–12–210(9) and determining whether there was a substantial change in circumstances not contemplated in the Decree. However, the district court focused on the question of ambiguity and the parties' intent to the exclusion of an inquiry into whether the substantial change in circumstances it identified was contemplated by the decree court in entering the Decree and whether modification of Husband's support obligation would be in the best interest of the children. The district court specifically explained that the only evidence that was to be received and considered on the issue of child support related to the intent of the parties as to the upward deviation and not to whether modification was appropriate under the Act.

¶ 21 "[W]hen explaining the outcome of a modification petition, the court must make findings on all material issues, and its failure to delineate what circumstances have changed and why these changes support the modification made [to] the prior divorce decree constitutes reversible error unless the facts in the record are clear, uncontroverted and only support the judgment." *Diener v. Diener*, 2004 UT App 314, ¶ 7, 98 P.3d 1178 (second alteration in original). Here, the district court received evidence and testimony from the parties and prepared factual findings based on that evidence. Notably, the district court found that Wife's "moving from and selling the [marital] home constitutes a substantial change in circumstances." Based upon the evidence in the record, including the email evidence and Husband's testimony regarding the importance of maintaining the marital home for the children— which testimony the district court expressly found more credible than Wife's on that is-

sue—we cannot say the district court abused its discretion in reaching this conclusion. *See id.* ¶ 4.

¶ 22 However, the district court did not analyze or make any findings regarding whether Wife's relocation or the sale of the marital home was contemplated in the Decree and whether modification of Husband's child support obligation would be consistent with the best interest of the children for whom the child support payment is intended. *See id.* ¶¶ 13–14. As a result, the findings and record before this court are inadequate to sustain the district court's grant of Husband's petition to modify the Decree with respect to child support. *See id.* ¶ 7. We therefore reverse the district court's order as it relates to Husband's child support obligation and remand for the district court to evaluate Husband's petition under Utah Code section 78B–12–210(9) and to make further factual findings on the issues discussed in this opinion.[6]

### CONCLUSION

¶ 23 The district court erred in concluding that an explanation for the upward deviation in child support was required by the Act under these circumstances and that the absence of an explanation created an ambiguity in the Decree. Because the Decree was not ambiguous, the district court erred by failing to evaluate Husband's petition to modify the Decree under the appropriate statutory framework and to make the required factual findings. We reverse and remand for further proceedings consistent with this opinion.

Judge STEPHEN L. ROTH concurred.

Judge JAMES Z. DAVIS concurred in the result.

---

6. Wife also requests attorney fees incurred at trial and on appeal on the basis that she is the prevailing party on appeal. "An award of fees on appeal requires both a fee award below and success in the appellate court." *Holladay Towne Ctr., LLC v. Brown Family Holdings, LC*, 2008 UT App 420, ¶ 25, 198 P.3d 990, *aff'd*, 2011 UT 9, 248 P.3d 452. We deny Wife's request for attorney fees incurred on appeal because the district

court did not award attorney fees below. And because we reverse the district court's order and remand for further proceedings, the district court may reevaluate Wife's request for attorney fees upon entering judgment at the conclusion of those proceedings. We therefore need not address Wife's request for fees incurred below at this time.