2019 UT App 83

# THE UTAH COURT OF APPEALS

LINDA LEE NAVE-FREE,
Appellee,
*v.*
WENLOCK DUANE FREE JR.,
Appellant.

Opinion
No. 20170751-CA
Filed May 16, 2019

Fourth District Court, Heber Department
The Honorable Jennifer A. Brown
No. 134500083

Russell W. Hartvigsen, Attorney for Appellant

Aaron D. Banks, Attorney for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and RYAN M. HARRIS concurred.

MORTENSEN, Judge:

¶1     After nearly twenty-five years of marriage, Wenlock
Duane Free Jr. (Husband) and Linda Lee Nave-Free (Wife)
divorced. They agreed to a division of their assets and an
upward deviation in the amount of child support based on the
medical needs of two of their children. Wife eventually
remarried and began renting out a house she was awarded in the
divorce. Alleging a substantial change in material circumstances,
Husband petitioned to modify the amount of child support he
was required to pay. The trial court denied the petition, and
Husband appeals. We affirm.

BACKGROUND

¶2    Wife and Husband were married in 1990 and had four children together. They separated in 2012 and divorced in August 2013. The parties did not use attorneys in their divorce negotiations. Pursuant to the divorce decree, Wife was awarded a house in Heber City, Utah, and Husband received a house in Pleasant Grove, Utah. Frequent flier miles and the proceeds of a sale of land in Eureka, Utah, were to be divided equally. Wife also received $24,050 as compensation for any interest she might have in business ventures developed during the course of the marriage.

¶3    The parties agreed that Wife was to receive $7,629 per month as support for the three minor children. The amount decreased to $6,586 per month when the first child reached eighteen years of age. *See* Utah Code Ann. § 78B-12-219 (LexisNexis 2018).[1] The amount further decreased to $5,043 per month when the second child reached eighteen, and it was to remain at that amount until April 2023. The amount of child support represented an upward deviation of about $4,558 per month from the guidelines. At the time of the divorce, the parties agreed that the "increased amount [was] based on the ongoing medical needs of two of the children born to this marriage. Both parties . . . determined this amount to be fair and necessary."[2] At

---

1. Because the statutory provisions in effect at the relevant time do not differ in any material way from those now in effect, we cite the current version of the Utah Code.

2. The upward deviation was for the medical needs of the two oldest children, who were respectively twenty and seventeen years old at the time of the divorce decree, and not tied to their minority status. Indeed, the deviation continues until April 2023, long after both children are over eighteen years old.

trial, Wife clarified that the increased amount was designated for the "medical needs" of the two children in a broad sense, eclipsing actual expenses:

> [The deviated amount allowed Husband] to go and do his thing, and I needed to maintain raising and taking care of the children, medical needs, corresponding doctor's appointments . . . and accommodating . . . raising children, which then therefore entailed me not having the right to go and pursue a career where I could . . . travel and earn more money. . . . [I]t was so that I would create a home base, so that I would have a solid foundation for these kids. Be there. Raise them. Create that sense of family. You know, and not put my career first, but put my children first.

¶4      In November 2014, Husband filed a petition to modify the divorce decree, alleging that substantial changes merited an adjustment in the amount of child support he was required to pay. Specifically, he argued that Wife's income had substantially increased because she had remarried and moved out of the house in Heber City and subsequently received rental income from that property.[3] Husband contended that, by this move, Wife had "voluntarily completely changed her circumstances and those of the parties' minor children." Husband testified that his income had "gone down just slightly" since the divorce decree was entered.

---

3. In his petition to modify, Husband alleged that Wife's salary was $3,000 per month. And the trial court made a factual finding, not challenged on appeal, that Wife's income in Wyoming was $3,000 per month. Wife's income at the time of the divorce, as reported on the child support obligation worksheet, was $4,084 per month.

¶5     At trial, in addition to arguing that Wife's income and relative wealth had substantially increased, Husband asserted that the medical expenses of the two oldest children had substantially changed. To support his claim of a substantial change in the medical needs of the children, Husband offered evidence that Wife's out-of-pocket expenses relating to the children's medical needs had decreased.

¶6     The trial court determined that there had been no material changes in Wife's income or in her relative wealth. Regarding the amount of child support, the trial court concluded that the deviated amount was "compensation for the ongoing medical needs of the two oldest children and compensation for the marital estate acquired over 23 years of marriage."[4] The trial

---

4. While not material to the appeal here, in ruling on this matter the trial court noted that the upward deviation for child support was "in the nature of a property settlement" because, although it was to be paid in monthly installments, it was a "sum certain" and had a "specific date as to when the payments will end." While noting our concern about the propriety of using child support as a means to facilitate property settlements, we decline to address whether this characterization of the child support here is accurate because this appeal can be completely resolved on the basis of the trial court's conclusion that no material change of circumstances occurred. However, we note that, with regard to property settlements, "[s]tipulations entered into in contemplation of a divorce are conclusive and binding on the parties unless, upon timely notice and for good cause shown, relief is granted therefrom." *Bayles v. Bayles*, 1999 UT App 128, ¶ 15, 981 P.2d 403 (cleaned up); *see also Batty v. Batty*, 2006 UT App 506, ¶ 2, 153 P.3d 827 ("[S]tipulations regarding property distribution . . . should be respected and given great weight." (cleaned up)). Although stipulated agreements "may be perceived as paring back the role of the court as fact-finder, in

(continued…)

court, having concluded that there had been no substantial changes, denied Husband's petition. It further awarded attorney fees to Wife as the prevailing party. Husband appeals.

ISSUES AND STANDARDS OF REVIEW

¶7     The first issue on appeal is whether the trial court erred in determining Wife had not benefited from a substantial change in income when she started receiving rental income after the divorce. The second issue is whether the trial court erred when it determined that Wife had not experienced a material change in relative wealth when she remarried after the divorce and began living in a two-income home. The third issue is whether the trial court erred when it concluded that there had been no substantial changes in the medical needs of the children to warrant a modification of child support.[5]

---

(…continued)

most cases this result should be welcomed as an exercise entirely consistent with efficient and just judicial administration." *Batty*, 2006 UT App 506, ¶ 2 (cleaned up).

5. Husband asserts two other issues on appeal. First, he argues that the trial court failed to address certain issues raised at trial, specifically the division of frequent flyer miles and the transfer of marital real property in Eureka, Utah. In fact, the court did not overlook these issues, because it had previously addressed them in a contempt judgment against Husband. On appeal, Husband could have challenged the contempt judgment, but he did not do so. Thus, we decline to address issues related to the division of the frequent flyer miles and the property in Eureka.

      Second, Husband contends that the trial court erred in its award of attorney fees to Wife, but the only argument Husband makes in this regard is the following syllogism: (a) the trial

(continued…)

¶8     These three issues share a common standard of review. "We generally review a [trial] court's determination to modify or not to modify a divorce decree for an abuse of discretion. However, we review for correctness any challenges to the legal adequacy of findings of fact or to the legal accuracy of the [trial] court's statements underlying such a determination." *Fish v. Fish*, 2016 UT App 125, ¶ 5, 379 P.3d 882 (cleaned up). Furthermore, a trial "court's determination regarding whether a substantial change of circumstances has occurred is presumptively valid, and our review is therefore limited to considering whether the [trial] court abused its discretion." *Earhart v. Earhart*, 2015 UT App 308, ¶ 5, 365 P.3d 719.

ANALYSIS

I. Change in Wife's Income

¶9     Husband's primary contention is that because Wife's income substantially increased, the amount of child support should be adjusted in his favor. The Utah Child Support Act (Act), *see generall*y Utah Code Ann. §§ 78B-12-101 to -403 (LexisNexis 2018), allows a parent to petition the court to adjust the amount of child support for, among other circumstances, "material changes of 30% or more in the income of a parent," *id.* § 78B-12-210(9)(b)(iii). "However, to succeed on a petition to

_____

(…continued)
court's fee award was grounded in the assumption that Wife substantially prevailed at trial; (b) according to Husband, he should have prevailed at trial; and therefore (c) he (and not Wife) should be awarded fees. Without opining on the propriety of the trial court's use of the "substantially prevailed" standard to award fees in the first place, we reject Husband's argument because we affirm the trial court's substantive rulings, and therefore Husband's minor premise fails.

modify, the moving party must first show that a substantial material change of circumstance has occurred since the entry of the decree and second, that the change was not contemplated in the decree itself." *Diener v. Diener*, 2004 UT App 314, ¶ 7, 98 P.3d 1178 (cleaned up). Because Husband has failed to show that a material change has occurred, we limit our analysis to the first prong.

¶10    "An appellant [who] fails to devote adequate attention to an issue is almost certainly going to fail to meet [his] burden of persuasion." *Bank of Am. v. Adamson*, 2017 UT 2, ¶ 13, 391 P.3d 196. In this regard, Husband "must cite the legal authority on which [his] argument is based and then provide reasoned analysis of how that authority should apply in the particular case, including citations to the record where appropriate." *Id.* "[Husband] cannot carry [his] burden by simply listing or rehashing the evidence and arguments [he] presented during trial." *Taft v. Taft*, 2016 UT App 135, ¶ 43, 379 P.3d 890. Nor can he "persuasively carry [his] burden by merely pointing to evidence that might have supported findings more favorable to [him]; rather, [Husband] must identify flaws in the evidence relied on by the trial court that rendered the trial court's reliance on it, and the findings resulting from it, clearly erroneous." *Id.*; *accord Shuman v. Shuman*, 2017 UT App 192, ¶ 8, 406 P.3d 258. Thus, Husband "has the burden of showing a substantial change in circumstances. It is insufficient to show that there has been some change, without a showing that such change was substantial." *Diener*, 2004 UT App 314, ¶ 7 (cleaned up). Under this standard, Husband has failed to carry his burden of persuasion.

¶11    Husband contends that "[i]t is undisputed that Wife's income increased by more than 40% from the time of the decree of divorce to the time the petition to modify was filed." But a 40% increase in income is undisputed only if one buys into Husband's flawed logic. Using Wife's income at the time of the

decree of divorce ($4,084 per month) as a base, Husband adds $1,750 per month of rental income from the house in Heber City, resulting in a monthly income of $5,834, a 43% increase in income. But Husband ignores a key fact in his ciphering: Wife's income was only $3,000 per month at the time of the petition to modify.[6] Even if we credit $1,750 per month in rent as income, Wife made $4,750 per month at the time of the petition to modify, an increase of only 16% from her income at the time of the divorce.[7] Thus, Husband has failed to carry his burden of persuasion to show that Wife's income has increased sufficiently (i.e., 30% or more) under section 78B-12-210(9)(b)(iii).[8]

---

6. Husband does not dispute or challenge with evidence to the contrary the amount of Wife's income when the petition to modify was filed. Indeed, Husband assigned $3,000 in monthly income to Wife in his petition to modify. Citing Utah Code section 78B-12-203 on appeal, Husband obliquely suggests that more income should be imputed to Wife. But he offers no argument and provides no evidence to support his position.

7. Wife mortgaged the Heber City house to help pay for a house in Wyoming that she shares with her current husband. She testified that her monthly mortgage payment is about $2,200. The trial court noted that the income Wife received in rent was offset by expenses associated with the mortgage and maintenance of the Heber City house. Husband attacks this analysis, but we conclude it is not material to our decision, because even assuming no offset for the mortgage and maintenance, Husband still has not shown an increase in income of 30%.

8. As a separate issue, Husband contends the trial court erred in not holding that *Cantrell v. Cantrell*, 2013 UT App 296, 323 P.3d 586, was applicable to this case. Husband asserts that *Cantrell* "is

(continued…)

II. Change in the Relative Wealth or Assets of the Parties

¶12    Next, Husband argues that Wife has had a change in relative wealth because she has remarried and now lives in a two-income household. The Act allows a parent to petition the court to adjust the amount of child support for "material changes in the relative wealth or assets of the parties." Utah Code Ann. § 78B-12-210(9)(b)(ii) (LexisNexis 2018).

¶13    As with our analysis of the alleged material change in income, Husband "has the burden of showing a substantial change in circumstances" with respect to the parties' relative wealth. *Diener v. Diener*, 2004 UT App 314, ¶ 7, 98 P.3d 1178 (cleaned up). "It is insufficient to show that there has been some change, without a showing that such change was substantial." *Id.* (cleaned up).

¶14    Husband has failed to carry his burden of persuasion because he has not established by evidence a change in relative wealth. Although Wife's income has increased—if we include the rental income—from $4,084 to $4,750 per month, her monthly expenses, owing largely to a mortgage taken on the house in Heber City, have also increased. Husband testified that

---

(…continued)

not just instructive for this matter, but controlling case law on eerily similar facts." Although *Cantrell* might be superficially similar to the present case, as the trial court pointed out, it is readily distinguishable. Unlike *Cantrell*, in this case (1) there is substantial evidence of the reason for the upward deviation; (2) the children and Wife were not living in the marital home at the time of the divorce; (3) Wife was not maintaining the same level of lifestyle but was forced to change her living circumstances in response to the loss of Husband's income; and (4) Husband does not actively participate in his children's lives.

his income has slightly decreased. Far from a material change in the parties' relative wealth, the evidence supports the conclusion that their relative wealth has remained roughly the same. Accordingly, Husband has also failed to carry his burden on this issue.

### III. Change in the Medical Needs of the Children

¶15   Husband also contends that a change in the medical needs—as expressed in reduced expenses—of the two oldest children justifies a decrease in the amount of child support he owes. The Act allows a parent to petition the court to adjust the amount of child support for "material changes in the medical needs of the child." Utah Code Ann. § 78B-12-210(9)(b)(v) (LexisNexis 2018). Husband's contention here fails because he has not shown any change in the medical needs of the children.

¶16   The Child Support Obligation Worksheet stated, "The increased amount [of $7,629] is based on the ongoing medical needs of two of the children born to this marriage. Both parties have determined this amount to be fair and necessary." This amount of child support was subsequently incorporated in the Decree of Divorce and Judgment. Thus, the parties' own negotiations at the time of the divorce showed that the deviated amount was based on the medical needs, not the medical expenses, of the children.

¶17   "The primary objective of statutory interpretation is to ascertain the intent of the legislature. Since the best evidence of the legislature's intent is the plain language of the statute itself, we look first to the plain language of the statute." *Bagley v. Bagley*, 2016 UT 48, ¶ 10, 387 P.3d 1000 (cleaned up). "We therefore look first to the plain language of the statute, presuming that the legislature used each word advisedly, and when we can ascertain the intent of the legislature from the statutory terms alone, no other interpretive tools are needed, and

our task of statutory construction is typically at an end." *Dole v. Dole*, 2018 UT App 195, ¶ 15, 437 P.3d 464 (cleaned up).

¶18 Husband makes the fatal error of conflating medical expenses with medical needs. The two are conceptually distinct. If the legislature had wanted to use the word "expenses," it would have done so. Instead the legislature allows a parent to petition to adjust child support based on changes to the medical "needs" of the child. Medical expenses refer to the actual cost of medical care. Medical needs concern underlying medical conditions. Obviously, a child's medical *needs* will likely result in medical *expenses*, but the two are not necessarily equivalent. In a nutshell, medical needs are conditions attended to, while medical expenses are bills to be paid. *See Hansen v. Hansen*, 2009 UT App 152U, para 3 ("Mother remains liable for the support of the child, including the responsibility to pay school fees, buy clothing, transport her to doctor and counseling appointments, attend to her medical needs, and pay her medical expenses."), *aff'd*, 2012 UT 9, 270 P.3d 531. Indeed, courts in other jurisdictions have recognized this distinction between medical needs and medical expenses. *See In re Harrelson*, 311 B.R. 618, 621 (Bankr. M.D. Fla. 2004) ("[A]lthough [debtor] has only minimal current medical expenses, her future medical needs are unknown."); *Poberesky v. Poberesky*, 897 N.Y.S.2d 401, 402 (App. Div. 2010) (stating that "special medical needs" may require additional spousal support for "medical expenses or health insurance coverage").

¶19 Husband does not address medical needs. Rather, he addresses only out-of-pocket medical costs. But a decline in Wife's out-of-pocket expenditures for the medical treatment of her children is not necessarily evidence that the children's overall medical needs have changed. The record contains no evidence, or even mere argument, that the underlying medical conditions—the needs—have improved. Husband asserts only that Wife's out-of-pocket costs have declined. But this fact alone

cannot carry the day for Husband, because it does not address the actual medical needs and conditions of the two oldest children.[9] Indeed, Husband himself admitted at trial that the two oldest children's medical conditions are serious and have not substantially changed since the time of divorce.[10] Thus, Husband's contention in this regard is without merit because he failed to show any material change in the children's medical needs on which the upward deviation was premised.

### IV. Attorney Fees

¶20    Because we affirm the trial court's ruling, Wife remains entitled to the award of attorney fees she received in the proceedings below. Wife requests that she also be awarded her fees and costs on appeal when this court enters its affirmation of the trial court's ruling. While not opining on the propriety of the trial court's use of the "substantially prevailed" standard, a point not assailed on appeal, *see supra* note 5, as we have substantively affirmed all the trial court's rulings appealed from, we award Wife attorney fees on appeal and remand to the trial court to calculate the reasonable amount of fees and costs she incurred in connection with this appeal.

---

9. In reality, it is likely that the medical expenses of the children have not changed either. What has changed is how those expenses are paid (e.g., private insurance, out-of-pocket, Medicaid).

10. In fact, Husband testified that he regarded the children's medical conditions as "very severe." Husband stated that he was unaware of a material change in the older son's medical condition since the time of the divorce. Nor does Husband dispute that the younger of the two sons has a serious medical condition.

CONCLUSION

¶21    We conclude that the trial court properly determined that there had not been a substantial material change in Wife's income, in the parties' relative wealth, or in the medical needs of the children. Having affirmed the trial court's decision, we also award Wife attorney fees incurred on appeal and remand for a determination of those fees.

¶22    Affirmed.

_____