NOT DESIGNATED FOR PUBLICATION

No. 126,073

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLARA FULLER,
*Appellant*,

v.

LIBERTY MUTUAL INSURANCE COMPANY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Submitted without oral arguments Opinion filed January 19, 2024. Affirmed.

*Clara Fuller*, appellant pro se.

*Mark B. Schaffer* and *Shannon Smith*, of Schaffer & Associates, Chartered, of Overland Park, for appellee.

Before HILL, P.J., MALONE and ISHERWOOD, JJ.

PER CURIAM: Clara Fuller filed a complaint with the Kansas Insurance Department alleging that Liberty Mutual Insurance Co. (Liberty Mutual) failed to refund her the full amount of insurance premiums she was entitled to after her property was foreclosed upon. The Department declined to find any fault in Liberty Mutual's actions so Fuller sought relief in the district court through a civil suit. The district court ultimately granted summary judgment in favor of Liberty Mutual. On appeal, Fuller argues the district court erred because the burden to cancel the policy was not hers to bear. She also contends the district court arrived at its conclusion by engaging in an ex parte

1

communication which violated her right to due process. We have thoroughly analyzed the record and failed to find any error. Accordingly, we affirm the district court's order granting Liberty Mutual's request for summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Claudine Fuller owned a home in Wyandotte County, Kansas, that was insured under a policy through Liberty Mutual. Claudine died in July 2016, and the home passed to her sister, Clara (Fuller). The 12-month homeowner's policy was automatically renewed in November of that year, and, under its terms, Fuller became the insured party. The language of the policy contemplated that should Fuller ever desire to cancel it, she was required to provide written notice of her intent, accompanied by a specific cancellation date, to Liberty Mutual. Fuller claimed to have no knowledge of the policy, so written notice was never issued to Liberty Mutual. As a result, Liberty Mutual continued to receive payments through an escrow account with Claudine's mortgage provider, Selene Finance.

In May 2017, Selene Finance notified Liberty Mutual that the property was potentially vacant. Several months later, Liberty Mutual verified the vacancy and cancelled the policy. Upon receiving notice of the cancellation, Selene Finance informed Liberty Mutual that the property was subject to foreclosure four months earlier. Liberty Mutual then backdated the cancellation date to reflect the foreclosure date and issued a prorated premium refund check to Fuller for $556.

Fuller believed she was entitled to a refund encompassing the total amount of premiums paid to Liberty Mutual from the time of Claudine's death in July 2016 through the policy's cancellation in September 2017, and filed a complaint with the Kansas Insurance Department (the Department) seeking to recover those additional funds. The

Department investigated the matter and concluded that the amount Fuller received from Liberty Mutual was appropriate.

Unsatisfied, Fuller filed a civil suit in the district court and claimed she was entitled to a refund totaling $3,354. Liberty Mutual moved for summary judgment and asserted that Fuller failed to submit a written cancellation as required by the policy, therefore, she was not entitled to any additional funds. The district court held a hearing on the motion, after which it granted Liberty Mutual's request for summary judgment.

Fuller now brings the matter to us for a determination of whether the district court's ruling and the manner it was arrived at were erroneous.

LEGAL ANALYSIS

*The district court properly granted Liberty Mutual's request for summary judgment.*

In her first claim of error, Fuller reiterates her contention that she is entitled to a refund for the full amount she requested because it was not her responsibility to ensure the policy got cancelled. Liberty Mutual counters that the plain terms of the policy placed the obligation at Fuller's feet to provide written notice of her intent to cancel the policy and she neglected to do so.

We can extrapolate from a broad reading of Fuller's notice of appeal that she seeks to appeal the district court's order which granted summary judgment in favor of Liberty Mutual. But her brief fails to clarify those intentions and the absence of the standard of review used to analyze appeals from an order granting summary judgment further complicates the matter. We acknowledge that pro se filings are to be liberally construed but, equally true, is the fact that such litigants are not entitled to special treatment when they fail to follow procedural rules. See *State v. Redding*, 310 Kan. 15, Syl. ¶ 1, 444 P.3d

3

989 (2019). We cannot address arguments not properly before us, nor can we supplement arguments that are inadequately briefed to bring them up to par. *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498-99, 505 P.3d 775, *rev. denied* 315 Kan. 968 (2022). We find that through the exercise of an appropriate degree of liberal construction, the contents of Fuller's brief are adequate to enable us to review her claim.

Appellate courts review the district court's denial of a motion for summary judgment de novo, viewing the facts in the light most favorable to the party opposing the motion. If reasonable minds could differ about the conclusions drawn from the evidence—meaning, there is a genuine issue about a material fact—then summary judgment should be denied. *John Doe v. M.J.*, 315 Kan. 310, 313, 508 P.3d 368 (2022). An issue of fact is not considered genuine unless it has legal force as to the controlling issue. In other words, if the disputed fact, however resolved, could not affect the judgment, it does not present a "genuine issue" for purposes of summary judgment. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106, *cert. denied* 571 U.S. 826 (2013).

Additionally, the interpretation and legal effect of written instruments are matters of law, and we exercise unlimited review when that analysis is required. *First Security Bank v. Buehne*, 314 Kan. 507, 510, 501 P.3d 362 (2021). "'The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction.'" *Russell v. Treanor Investments*, 311 Kan. 675, 680, 466 P.3d 481 (2020).

With those principles as a backdrop, we turn to subsection (5)(a) of the Conditions for Sections I and II of the insurance policy. That provision specifically states: "[The insured] may cancel this policy at any time by returning it to [Liberty Mutual] or by letting [Liberty Mutual] know in writing of the date cancellation is to take effect."

Probing further into the policy, the language of subsection (5)(b)(3)(b) reflects that "[w]hen this policy has been in effect for 60 days or more, or at any time if it is a renewal with [Liberty Mutual], [Liberty Mutual] may cancel: [i]f the risk has changed substantially since the policy was issued." Finally, subsection (9)(a) provides: "If any person named in the Declarations or the spouse, if a resident of the same household, dies: [Liberty Mutual] insure[s] the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death."

Fuller has failed to satisfy her burden to show that a disputed material fact exists with respect to whether she provided written notice to Liberty Mutual of her intent to cancel the policy. Rather, Fuller takes the position that the onus was on Liberty Mutual to obtain notice of Claudine's passing through Selene Finance and, upon doing so, to then cancel the policy on its own accord. This argument directly contravenes the plain language of the policy which clearly states that once Claudine passed away, Fuller became the insured party by virtue of her status as the executrix of Claudine's estate. In other words, her legal representative. As the insured, it was Fuller's responsibility to notify Liberty Mutual that she no longer wished to continue the policy. Fuller's claim that she was unaware of the policy's existence and, correspondingly, her obligation to provide notice of cancellation, does not relieve her of that obligation. Further, Fuller fails to direct us to any provision within the policy that automatically makes Liberty Mutual the party responsible for ensuring cancellation occurs upon the death of an insured. Without notice of an intent to cancel from Fuller, Liberty Mutual operated in conformity with the agreement when it continued to offer coverage and collect premiums until it canceled the policy following foreclosure of the property.

Because the record shows that no genuine issue exists as to whether Fuller failed to fulfill her obligation to cancel the policy, as contemplated by its terms and, therefore, was not eligible to receive the refund requested, Liberty Mutual was entitled to judgment

as a matter of law. The district court did not err in granting summary judgment in favor of Liberty Mutual.

*The district court did not violate the right to procedural due process that Fuller is entitled to under the Fourteenth Amendment to the United States Constitution.*

For the first time on appeal, Fuller argues that her due process rights under the Fourteenth Amendment to the United States Constitution were violated because the district court held an ex parte hearing. Liberty Mutual responds that no such hearing occurred.

Appellate review of an alleged due process violation is a question of law over which the appellate court has unlimited review. *Hemphill v. Kansas Dept. of Revenue*, 270 Kan. 83, 89, 11 P.3d 1165 (2000). "In reviewing a procedural due process claim, the court first must determine whether a protected liberty or property interest is involved. If so, the court then must determine the nature and extent of the process which is due." *State v. N.R.*, 314 Kan. 98, 113, 495 P.3d 16 (2021), *cert. denied* 142 S. Ct. 1678 (2022). A due process violation exists only if the complaining party shows that he or she was denied a specific procedural protection to which he or she is entitled. *In re K.E.*, 294 Kan. 17, 22, 272 P.3d 28 (2012). The basic elements of procedural due process are notice and "the opportunity to be heard at a meaningful time and in a meaningful manner." *In re Care & Treatment of Ellison*, 305 Kan. 519, 526, 385 P.3d 15 (2016).

Fuller has failed to advance a compelling argument which undeniably demonstrates that her claim to recover the insurance premiums involves a protected property interest as envisioned by the Fourteenth Amendment to the United States Constitution. Even if we assume her assertion in this regard is an accurate one, she has also failed to establish how she was denied a specific procedural protection. Ex parte hearings are those "proceedings had at the instance or for the benefit of one side, or of

6

one party, only, without notice to or contest by any person adversely affected, or in the absence of opposing parties." *In re Bowlus' Will*, 197 Kan. 351, 357, 416 P.2d 711 (1966). To show that an ex parte hearing occurred, Fuller directs our attention to the district court judge's statements at the hearing that he reviewed the case, but later said that Fuller failed to respond to Liberty Mutual's motion for summary judgment when Fuller had, in fact, filed a response. This allegation is insufficient to establish that the district court communicated with Liberty Mutual about the case outside the presence of Fuller, and our review of the record fails to yield any indication that such an exchange or hearing occurred. To the contrary, the district court held a hearing on the motion for summary judgment and Fuller was afforded a fair opportunity to argue her position before the district court.

Because there is no evidence that an ex parte hearing occurred and Fuller received notice and a meaningful opportunity to be heard on the motion for summary judgment, her claim that the district court violated her right to procedural due process fails.

Affirmed.